**Albert GREENWOOD, M.D.,**
**Plaintiff-Appellant,**

v.

**The STATE OF NEW YORK, OFFICE OF MENTAL HEALTH (OMH) et al.,**
**Defendants-Appellees.**

**No. 584, Docket 86-7926.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 27, 1988.

Decided March 23, 1988.

John M. McLaughlin, New York City, for plaintiff-appellant.

Peter Durfee, Asst. Atty. Gen. (Robert Abrams, Atty. Gen. of the State of N.Y., New York City, of counsel) for defendants-appellees.

Before OAKES, NEWMAN and MINER, Circuit Judges.

MINER, Circuit Judge:

Plaintiff-appellant Albert Greenwood, M.D. ("Dr. Greenwood") appeals from a judgment of the United States District Court for the Southern District of New York (Leisure, J.), dismissing the action because, upon application of General Rule 1(a) of the Rules of the United States District Courts for the Southern and Eastern Districts of New York, his claims were barred by the statute of limitations. We reverse and remand.

## BACKGROUND

In this section 1983 action, Dr. Greenwood alleges that defendants' revocation of his clinical privileges at Manhattan Psychiatric Center without a pre-revocation hearing constitutes deprivation of his property and liberty without due process of law. He also asserts state law claims for defamation, harassment and intentional infliction of emotional distress. Dr. Greenwood attempted to commence this action on December 18, 1984 by placing his complaint in the night depository box maintained by the Clerk of the Court for the United States District Court for the Southern District of New York at 5:25 p.m. Before placing the complaint in the night depository box, Dr. Greenwood stamped the complaint with the date and time, using the device provided by the Clerk of the Court near the night depository box. Defendants-appellees State of New York, *et al.*, moved to dismiss the action, pursuant to Fed.R.Civ.P. 12(b)(6), arguing, *inter alia*, that by operation of General Rule 1(a) [1]—a local rule adopted by the Southern District of New York pursuant to 28 U.S.C. § 2071—Dr. Greenwood's complaint was considered filed on December 19, 1984, one day after the statute of limitations expired. Dr. Greenwood opposed the motion, asserting that the complaint was timely filed on December 18,

---

1. General Rule 1(a) provides, in pertinent part:
   The offices of the clerk are open from 8:30 a.m. to 5:00 p.m. Monday through Friday.... After hours, papers may be submitted for the district court only, in a night depository located in the courthouse lobby. These papers will be considered to have been filed as of 8:30 a.m. the following business day.

1984 within the meaning of Rules 3 [2] and 77(a) [3] of the Federal Rules of Civil Procedure.

First, the district court found that Dr. Greenwood's cause of action accrued on December 18, 1981, and that the complaint had to be filed by December 18, 1984 in order to be timely. Neither party disputes these findings on appeal. Similarly, there is no dispute that Dr. Greenwood placed his complaint in the night depository box maintained by the Clerk of the Court at 5:25 p.m. on December 18, 1984.

The district court then rejected Dr. Greenwood's assertion that his complaint was timely filed on December 18, 1984, because by operation of General Rule 1(a) the complaint was considered filed on December 19, 1984. The court noted that Fed.R.Civ.P. 3 merely states that "[a] civil action is commenced by filing a complaint with the court," and that to determine whether the complaint was timely filed, the court was required to ascertain the status of papers placed in the night depository box maintained by the Clerk of the Court.

The district court observed that local rules have the force of law, provided they do not conflict with Supreme Court rules, congressional enactments or constitutional provisions, citing *United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 112 (2d Cir. 1984). The court held that General Rule 1(a) does not conflict with Fed.R.Civ.P. 77(a) because Rule 77(a) "does not specify the date on which papers should be considered filed if deposited at the courthouse after regular business hours." *Greenwood v. State of New York*, 645 F.Supp. 111, 117 (S.D.N.Y.1986). The court also found that Fed.R.Civ.P. 5(e) [4] does not preempt General Rule 1(a), because Rule 5(e) "simply

states that '[t]he filing of ... papers with the court ... shall be made by filing them with the clerk of the court....'" *Id.* at 117 n. 2. The court concluded that General Rule 1(a) was not inconsistent with the Federal Rules of Civil Procedure. Applying General Rule 1(a) to Dr. Greenwood's case, the court held that the complaint was filed on December 19, 1984, because it was placed in the night depository box after business hours on December 18, 1984. Finally, noting that Dr. Greenwood presented no exceptional circumstances which would justify equitable tolling of the statute of limitations in his case, the court dismissed the complaint and entered judgment in favor of defendants-appellees.

On appeal, Dr. Greenwood presents the same arguments made to the district court, and now asserts that the district court abused its discretion in applying General Rule 1(a) to his case. Not surprisingly, defendants-appellees argue that General Rule 1(a) is valid in all respects, and that the district court properly applied it in this case.

## DISCUSSION

Fed.R.Civ.P. 3 provides that "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 5(e), in turn, defines filing with the court as "filing ... with the clerk of the court." Plaintiff-appellant Dr. Greenwood argues that because Fed.R.Civ.P. 77(a) provides that the courts "shall be deemed always open for the purpose of filing any pleading," parties may file papers at any time, regardless of the business hours maintained by the Clerk's office.

---

S.D.N.Y.Gen.R. 1(a).

**2.** Rule 3 provides: "A civil action is commenced by filing a complaint with the court." Fed.R. Civ.P. 3.

**3.** Rule 77(a) provides:
District Courts Always Open. The district court shall be deemed always open for the purpose of filing any pleading or other proper paper, of issuing and returning mesne and final process, and of making and directing all interlocutory motions, orders, and rules.

Fed.R.Civ.P. 77(a).

**4.** Rule 5(e) provides:
Filing With the Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.
Fed.R.Civ.P. 5(e).

First, we note that the Clerk's office is not required to be open 7 days a week, 24 hours a day. Indeed, Fed.R.Civ.P. 77(c) provides that the Clerk's office "shall be open during business hours on all days except Saturdays, Sundays, and legal holidays." Nor does any Federal Rule of Civil Procedure or any other statute or rule require the Clerk to maintain a night depository box, equipped with a date and time stamper. Nonetheless, pursuant to General Rule 1(a), the Clerk of the Court for the Southern District of New York voluntarily maintains and makes available to litigants a night depository box for the purpose of receiving papers at any time. In light of this, and the fact that the Clerk of the Court retains exclusive control over the night depository box, we hold that all papers placed there are in the Clerk's actual possession. Since we have previously defined filing as the "delivery [of papers] into the actual custody of the proper officer, designated by statute," *see In re Gubelman,* 10 F.2d 926, 929 (2d Cir.1925), papers placed in the night depository are filed with the Clerk.

The Clerk also provides a date and time stamper, which allows him to ascertain when papers are placed in the night depository box. Unless there is some reason to believe otherwise, we must presume that papers placed in the night depository box have been delivered to the Clerk as of the date and time stamped thereon. It makes little sense to disregard the actual time of delivery after establishing such a careful procedure to record it. Here, Dr. Greenwood's complaint was stamped at 5:25 p.m. on December 18, 1984. Therefore, the Clerk had actual possession of the complaint and the complaint was filed before the statute of limitations expired.

Dr. Greenwood's counsel has represented to us in his brief and at oral argument that other judges in the Southern District routinely deny motions to dismiss in cases involving the issue presented here. This representation has not been controverted by defendants-appellees. While not determinative, it is persuasive that a strict application of the Rule in this case would be inequitable.

## CONCLUSION

Based on the foregoing, we reverse and remand for further proceedings consistent with this opinion.