Roy A. SOMLYO, Plaintiff–Appellant,

v.

J. LU–ROB ENTERPRISES, INC.; and Louis G. Bond, Defendants–Appellees.

No. 932, Docket 90–7551.

United States Court of Appeals, Second Circuit.

Argued Jan. 16, 1991.

Decided May 9, 1991.

1044

David M. Somlyo, New York City (John J. Witmeyer III, Ford Marrin, Esposito & Witmeyer, of counsel) for plaintiff-appellant.

Koteles Alexander, Silver Spring, Md. (Stephanie Y. Bradley, Gartrell & Alexander, of counsel), for defendants-appellees.

Before OAKES, Chief Judge, and CARDAMONE and WALKER, Circuit Judges.

OAKES, Chief Judge:

Diversity of citizenship jurisdiction is permitted by Article III of the federal Constitution and statutes promulgated thereunder in order to protect the citizens of one state from "local prejudice"—unfair discrimination by courts of another state. Under 28 U.S.C. § 1441, diversity cases are removable to federal court if certain requirements are met. This case presents a novel question of civil procedure that inverts the semantic history of diversity jurisdiction: whether compliance with the Local Rules of a federal district court is a prerequisite to the timely filing of a notice of removal under the removal statute. Today, we answer this question in the affirmative. We further hold, however, that the district court has power to interpret the Local Rules as well as the discretion to determine when fairness demands that departure from the Local Rules be excused. On this basis, we affirm the order of the district court and remand for further proceedings.

## I. PROCEDURAL BACKGROUND

This action for breach of contract, fraud, conversion, and breach of fiduciary duty arises out of an agreement between appellant Roy A. Somlyo ("Somlyo") and appellees Louis G. Bond ("Bond") and J. Lu–Rob Enterprises ("Lu–Rob") regarding a proposed, ill-fated Broadway musical, "Betsey Brown." Somlyo filed the action on December 2, 1989 in the Supreme Court of the State of New York. Bond, President of Lu–Rob, a Massachusetts corporation, sought to remove the action from state to

federal court by mailing a petition for removal,[1] a filing fee, as well as a bond fee to the Clerk's Office for the District Court for the Southern District of New York (the "Clerk's Office") on December 29, 1989. The Clerk's Office received and accepted the petition on January 2, 1990, logging it in under the attorney's name. However, on January 4, 1990, when the papers were passed to the Cashier's Office, the cashier discovered that the petition did not have a civil cover sheet and legal backing, which are required under Rule 4 of the Rules for the Division of Business Among District Judges of the Southern District of New York ("Business Rule 4")[2] and Local Civil Rule 1(a)[3] respectively. The cashier noted the deficiencies in the Clerk's Office's rejection log and called Bond to notify him of the problems. In a letter dated January 4, 1990, the cashier confirmed the notification to Bond. Although the Clerk's Office's usual policy is to return non-conforming documents to the attorney, upon Bond's request, the Clerk's Office kept the petition pending the receipt of the cover sheet and backing. After several failed attempts to comply with the Local Rules, appellees delivered a conforming petition on January 12, 1990, which the Clerk's Office processed on January 16, 1990 and stamped filed as of that date, forty-five days after the complaint had been filed in state court.

Upon learning of appellees' petition for removal, Somlyo moved to remand the action pursuant to 28 U.S.C. § 1447(c) on the ground that appellees' petition had not been filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b). On May 3, 1990, the district court denied Somlyo's mo-tion, holding that appellees' petition should be deemed filed as of the date it was first received by the Clerk's office, and certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On May 22, 1990, the district court issued an amended order clarifying the issue for interlocutory appeal as, "when a petition for removal is timely filed within the meaning of 28 U.S.C. § [1446(b)] and the extent to which the resolution of that issue can properly turn upon compliance with the local court rules."

## II. DISCUSSION

### A. *Standard of Review*

The district court correctly characterized the issue at hand as "a pure question of law." As such, we review the district court's ruling *de novo*. *See Pullman–Standard v. Swint*, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982); *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir.) *cert. denied*, —— U.S. ——, 111 S.Ct. 433, 112 L.Ed.2d 417 (1990).

### B. *Removal Statute*

■ The right to remove a state court action to federal court on diversity grounds is statutory, *see Little York Gold–Washing & Water Co. v. Keyes*, 96 U.S. 199, 201, 24 L.Ed. 656 (1877), and must therefore be invoked in strict conformity with statutory requirements, *see* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157, at 33–34 (2d ed.1989). In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal

---

1. In 1988, Congress amended 28 U.S.C. § 1446(b) substituting the statute's prior "petition for removal" procedure with a "notice of removal" procedure. *See* Act of Nov. 19, 1988, Pub.L. No. 100–702, § 1016(b), 102 Stat. 4668 (1988). Nevertheless, appellees followed the defunct procedure and so labeled their papers. We therefore refer to appellees' papers as a "petition."

2. Business Rule 4(a) states, in part:
   **Filing with the Clerk.** All civil actions and proceedings shall be numbered consecutively by year upon the filing of the first document in the case.

When a complaint or the first document is filed in a civil action or proceeding, counsel shall complete and file an information and designation form, in triplicate, indicating: ...

3. Civil Rule 1(a) provides, in part:
   Unless a judge of this court shall otherwise direct, papers submitted for filing must ... (3) bear endorsed upon the cover the name, office and post office address and telephone number ... of the attorney of record for the filing party.

courts construe the removal statute narrowly, resolving any doubts against removability. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0.157 at 38 (2d ed.1989).

Under 28 U.S.C. § 1446(b), the petitioning party must file a notice of removal with the district court within thirty days after receipt of the initial pleading. *See* 28 U.S.C. § 1446(b) (1988). While the statutory time limit is mandatory, it is "merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980). Nevertheless, absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement. *See, e.g., Nicola Prods. Corp. v. Showart Kitchens, Inc.,* 682 F.Supp. 171, 173 (E.D. N.Y.1988); *Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 428 F.Supp. 1035, 1037 (S.D.N.Y.1977).

### C. *Local Rules*

■ Pursuant to 28 U.S.C. § 2071(a) and Rule 83 of the Federal Rules of Civil Procedure, district courts have the power to enact Local Rules governing their practice, procedure and conduct of business. Local Rules have the force of law, *see Weil v. Neary,* 278 U.S. 160, 169, 49 S.Ct. 144, 148, 73 L.Ed. 243 (1929), to the extent that they do not conflict with rules prescribed by the Supreme Court, Acts of Congress, or the Constitution, *see United States v. Yonkers Bd. of Educ.,* 747 F.2d 111, 112 (2d Cir. 1984).

■ The parties do not dispute that when appellees' petition for removal arrived for the first time in the Clerk's Office via Express Mail it did not conform to two of the Local Rules of the Southern District of New York. The petition did not contain an information and designation form, commonly known as a civil cover sheet, in violation of Business Rule 4(a). Similarly, it was not enclosed in a cover endorsed with the name and address of counsel, commonly called a legal back, in violation of

Civil Rule 1(a). Not surprisingly, the parties disagree as to whether appellees' noncompliance with the Local Rules and the consequent refusal of the Clerk's Office to file the petition until it did conform may determine whether they filed their notice of removal in a timely manner. The absence of any other authority on this issue coupled with policy considerations convince us that this question must be answered in the affirmative.

With regard to potential conflicts between the Local Rules and other legal authority, we find no source of constitutional or statutory law that fully defines "filing" within the meaning of 28 U.S.C. § 1446(b). While section 1446(b) prescribes a mandatory thirty-day time limit for the filing of a notice of removal, it does not address what one must do to file such a notice. In the face of such statutory silence, principles dictating a narrow construction of section 1446(b), *see supra,* are of no use to us here.

Similarly, Federal Rules of Civil Procedure 5(e), entitled "Filing With the Court Defined," does not provide an answer. Rule 5(e) states:

> The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

Rule 5(e) answers the "who" and "where" of the filing inquiry, but not the "how"; it tells us that litigants must file documents with the clerk of the court, or, on occasion, with the judge, but it does not tell us what procedure must be followed, if any, before a document may be deemed filed. The rule's references to the clerk of the court and the judge, however, indicate that the clerk, and ultimately the district court judge, are the arbiters of the filing process.

Our review of case authority construing federal statutes also fails to supply a definition of "filing" under the removal statute. Appellees unpersuasively contend that *Greenwood v. State of New York,*

*Office of Mental Health,* 842 F.2d 636 (2d Cir.1988), provides a binding definition. *Greenwood* holds that when a complaint is filed in a night depository box maintained by the clerk pursuant to a Local Rule, the filing date for the purposes of the statute of limitation is the day the plaintiff placed the complaint in the depository box, as recorded by the date stamper provided by the clerk, rather than the following day as provided for in the Local Rule. *See id.* at 639. The decision in *Greenwood* turns on a recognition that "[i]t makes little sense to disregard the actual time of delivery after establishing such a careful procedure to record it." *Id.* Greenwood thus concerns the reasonableness of a Local Rule. In asking whether compliance with the Local Rules may determine if a document is timely under the removal statute, we focus here on the reach, rather than the reasonableness, of the Local Rules.

Moreover, unlike the complaint in *Greenwood,* appellees' petition did not comply with the letter of the Local Rules when appellees first presented it to the Clerk's Office. Implicit in *Greenwood*'s reaffirmation that filing means the "'delivery [of papers] into the actual custody of the proper officer, designated by statute,'" *id.* (*quoting In re Gubelman,* 10 F.2d 926, 929 (2d Cir.1925)), was an assumption that the papers delivered were proper—that they conformed with the Local Rules. We do not have the luxury of such an assumption. Indeed, we must ask what the consequences are when the assumption does not hold true, when the papers are not proper under the Local Rules.

Although neither party likens this case to *Shamrock Oil, supra,* and its progeny, *see, e.g., Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 705, 92 S.Ct. 1344, 1348, 31 L.Ed.2d 612 (1972), the distinction between *Shamrock Oil* and this case merits our attention. In *Shamrock Oil,* the Supreme Court held that federal courts should not employ state procedural law to determine the meaning of the removal statute. *See* 313 U.S. at 104, 61 S.Ct. at 870. Thus in stating that "[t]he removal statute, which is nationwide in its operation, was intended to be uniform in its application,

unaffected by local law definition or characterization of the subject matter to which it is to be applied," *see id.,* the Court specifically addressed the effect of "local," *i.e.,* state, law on the removal statute. In contrast to *Shamrock Oil,* here we inquire whether rules promulgated by the federal district court may be employed to define filing under the removal statute.

In light of the fact that section 1446(b), the Federal Rules of Civil Procedure, and other relevant authority, are silent on the issue before us, we conclude that the requirements set forth in the Local Rules, as interpreted by the Clerk's Office, or by the court itself, determine the timeliness of a notice of removal.

To hold otherwise, we believe, would jeopardize the power of the district courts under 28 U.S.C. § 2071(a) and Fed.R.Civ.P. 83 to prescribe Local Rules. Indiscriminately sanctioning the filing of a notice of removal without compliance with the Local Rules would subvert the policy behind the Local Rules and encourage noncompliance.

Additionally, a contrary result would wreak havoc on the administration of the Clerk's Office, requiring it to accept and "file" documents that are not in compliance with the Local Rules, inform the filing party of the noncompliance and either return the "filed" documents to attain compliance, or as in this case, retain all nonconforming documents until the party files a conforming copy. The rule would therefore create either a category of absentee documents—documents logged on the docket sheet for a particular case, but which are not on file in the Clerk's Office—or a category of stray "filed" documents that would be kept only until conforming documents were filed. In an era of escalating case filings and ever-expanding case life spans, the clerk of the court performs a difficult and often superhuman task. We find no basis in law to complicate this task.

Our ruling here gains support from several cases addressing a different aspect of the "filing" inquiry—whether a plaintiff must pay the filing fee required under 28 U.S.C. § 1914 and the Local Rules in order

to have a complaint deemed filed. In *Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533 (N.D.N.Y.1989), a district court in this circuit held that the clerk's office properly rejected a complaint for filing because it was not accompanied by the filing fee as required by 28 U.S.C. § 1914 and the Local Rules. *Id.* at 538–39. A month after the district court ruled in *Wanamaker*, the Seventh Circuit issued *Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596 (7th Cir.1989), which addressed the same issue and echoed *Wanamaker*'s reasoning. *See id.* at 598.

Appellees correctly assert that *Wanamaker* and *Robinson* rested largely on the mandate under 28 U.S.C. § 1914 that "[t]he clerk of each district court *shall* require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $120." 28 U.S.C. § 1914(a) (West Supp.1990) (emphasis supplied). 28 U.S.C. § 1914(c) permits the district court to enact a Local Rule requiring advance payment of filing fees. *See id.* § 1914(c). The respective district courts in *Wanamaker* and *Robinson* had enacted such a pre-payment rule. Significantly, *Wanamaker* and *Robinson* not only recognized the statute's delegation of power to the district court to enact a Local Rule, but held the respective plaintiffs to the letter of the Local Rule. The authorization that section 1914(c) gives district courts to enact Local Rules requiring pre-payment of filing fees is analogous to the more general delegation of rule-making authority of 28 U.S.C. § 2071(a) and Fed.R.Civ.P. 83.[4] Here, as in *Wanamaker* and *Robinson*, the Local Rules, as interpreted by the district court, define whether the relevant document has been filed.

Appellees minimize the importance of the Local Rules, implying that the Local Rules address picayune matters which should not be a factor in determining the removability of this action. We strongly disagree. District courts do not institute Local Rules to frustrate litigators, but to ensure the efficient and expedient execution of justice. The boundaries of the Local Rules are drawn by federal statutory and constitutional law, not by whether the Local Rules impact on the claims and rights of the litigants. Inevitably, rules governing the conduct of a district court's business will affect the litigants' claims and rights. For this reason, as we explain below, we believe that the application of the Local Rules should be overseen by the district court. Nonetheless, we reject appellees' minimization of the Local Rules' importance and reach.

### D. District Court's Discretion to Interpret the Local Rules

■ Although we hold today that the Local Rules govern whether a petition for removal may be filed as timely in the Clerk's Office, we agree with our sister circuits that the district court has the inherent power to decide when a departure from its Local Rules should be excused or overlooked. *See Braxton v. Bi–State Dev. Agency*, 728 F.2d 1105, 1107 (8th Cir.1984); *Allen v. United States Fidelity & Guar. Co.*, 342 F.2d 951, 954 (9th Cir.1965).

■ The district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule. In this case, Busi-

---

**4.** Appellees attempt to distinguish this case from *Wanamaker* and *Robinson* by asserting that filing fees, unlike the requirements of the Local Rules at issue here, are "jurisdictional prerequisites." Even if this statement were true, it would not invalidate our analogy of *Wanamaker* and *Robinson* to the instant case. Moreover, although the issue is not before us, we note that courts are divided on the issue of whether payment of district court filing fees under 28 U.S.C. § 1914 is jurisdictional in nature. *Compare Cintron v. Union Pac. R.R.*, 813 F.2d 917, 920

(9th Cir.1987) (filing fee prescribed by statute not jurisdictional requirement), *with United States v. Johnson*, 373 F.Supp. 1057, 1059 (D.Del. 1974) (district court without jurisdiction to rule on motion to vacate sentence unless application accompanied by filing fee or application to proceed *in forma pauperis*). *Cf. Parissi v. Telechron, Inc.*, 349 U.S. 46, 47, 75 S.Ct. 577, 577, 99 L.Ed. 867 (1955) (*per curiam*) (filing fee not a prerequisite for proper filing of an appeal under 28 U.S.C. § 1917).

ness Rule 4(a) states that counsel "shall complete and file an information and designation form." R.Div.Bus.Dist. Judges 4(a) (S.D.N.Y.), whereas Civil Rule 1(a) states that a party must file every document with a legal backing "[u]nless a judge of th[e] court shall otherwise direct." Civ.R. 1(a) (S.D.N.Y.). The explicit grant of judicial discretion in Civil Rule 1(a) does not abridge the district court's inherent power to deviate from other Local Rules, such as Business Rule 4(a), which do not contain a specific delegation of power.

■■■■ It remains for us, however, to determine what standard should guide the district court in the exercise of its discretion. The Ninth Circuit has stated that deviation from the Local Rules is appropriate when "departures from statutory prescription or rules of court are so slight and unimportant that the sensible treatment is to overlook them." *Allen*, 342 F.2d at 954. We believe that the standard is better framed in terms of fairness. The district court should ask whether the application of the letter of Local Rules to a particular case would cause an unjust result. If faced with potential unfairness, the district court should tailor the Local Rules to best achieve a just outcome. As in the instant case, the district court's determination of fairness may include, but is not limited to, a consideration of the facts of the case, the content and goal of the Local Rules, the legal precedent on analogous issues, and the letter and legislative intent of any relevant statute. A transcript of the oral argument on Somlyo's motion indicates that in ruling on the motion the district court weighed: 1) how the Clerk's Office processed the petition; 2) the relevant Local Rules which the court characterized as "technical" and "designed to regulate, for convenience sake, how papers look;" 3) precedent in this Circuit indicating a "liberal view for the purpose of avoiding defaults;" and 4) the legislative intent of 28 U.S.C. § 1441 to ensure a right to remove an appropriate action within thirty days. After reviewing these factors, the district court held that appellees' petition should be deemed filed as of the date the Clerk's

Office first accepted the papers, January 2, 1990.

Our independent review of the district court's ruling convinces us that the district court's deviation from the letter of the Local Rules brought about a just result, one within the spirit of Rule 1 of the Federal Rules of Civil Procedure. *See* Fed.R. Civ.P. 1 ("[these rules] shall be construed to secure the just, speedy, and inexpensive determination of every action."). We also note that the district court's review of the issue after the papers had been processed by the Clerk's Office pursuant to the terms of the Local Rules presented none of the logistical problems in the Clerk's Office that would result from a *per se* rule under which nonconforming documents were deemed "filed" by the Clerk's Office. It is the business of the Clerk's Office to make sure that parties file documents that conform to the Local Rules. We hold that it is the business of the district court to determine whether fairness demands that noncompliance be excused.

### III.  CONCLUSION

Accordingly, we affirm the order of the district court and remand for further proceedings.