**UNITED STATES of America, Plaintiff,**

v.

**1979 CADILLAC SEDAN DEVILLE VIN 6D69S99304393, With All Appurtenances And Attachments Thereon, Defendant.**

**No. 2:91–CV–405.**

United States District Court, D. Vermont.

May 15, 1992.

Christopher B. Baril, Asst. U.S. Atty., Rutland, Vt., for plaintiff.

Mark A. Kaplan, Jarvis & Kaplan, Burlington, Vt., for claimant.

## OPINION AND ORDER

FRED I. PARKER, Chief Judge.

On January 23, 1992, Claimant Pauline Rock filed a Motion to Dismiss and for Return of her 1979 Cadillac Sedan Deville ("the vehicle"), which was seized by federal narcotics agents on August 29, 1991. Claimant's Motion rests on her contention that the Government's civil complaint against the vehicle was untimely. The Government opposes the motion, insisting that its complaint was timely filed.

Rock received notice of the seizure of her vehicle approximately thirty to forty days after it was effected.[1] Shortly thereafter[2], she mailed a claim and cost bond to the DEA seeking the immediate right to litigate the propriety of the seizure of her car. The Government filed a civil complaint against the vehicle on December 23, 1991.

Claimant's motion is based on her contention that the Government's civil complaint was filed untimely. The Government is required to file a civil forfeiture complaint sixty days after a claim and cost bond are filed. 21 U.S.C. § 888(c). In the instant case, the cover letter attached to Rock's Notice of Claim is dated October 8, 1991, while the treasurer's check submitted in payment of the cost bond is dated October 11, 1991. Exhibit B, attached to Claimant's Motion to Dismiss and for Return of Seized Property and Authority (Paper # 4). The envelope which contained the claim and cost bond bears a postmark date of October 15, 1991.[3] Exhibit 7. The envelope also bears a Postal Service forwarding address and forwarding stamp dated October 23, 1991.[4] *Id.* The Government's copy of the Notice of Claim submitted by claimant's counsel bears the official date and time stamp of the DEA indicating that the documents were delivered to that agency on October 25, 1991. Exhibit 6. Finally, the Government claims that the forfeiture case was forwarded to the United States Attorney for the District of Vermont for judicial forfeiture on October 28, 1991. Snider Declaration ¶ 4(e).

The forfeiture provisions of Title 21 do not define when a claim is "filed" pursuant to Section 888(c), triggering the running of the sixty-day statute of limitations. However, it is well settled that "filing" in the legal context carries the meaning not of *sending* papers, but of *"delivery* into the actual custody of the proper officer, designated by statute." *Greenwood v. State of N.Y., Office of Mental Health,* 842 F.2d 636, 638 (2d Cir.1988) (emphasis added) (quoting *In re Gubelman,* 10 F.2d 926, 929 (2d Cir.1925));[5] *see also* Fed.R.Civ.P. 5(e)

---

1. Claimant indicates she received official notice of the seizure from the Drug Enforcement Administration ("DEA") on September 30, 1991, while the Government maintains that she received her notice on October 7, 1991. Because the DEA notice was dated September 30, 1991, and the date of receipt of the certified letter appears to be October 7, 1991, the Government's representation is more likely accurate. Declaration of William J. Snider, Exhibits 3 and 4, attached to Government's Memorandum of Law in Opposition to Claimant's Motion to Dismiss (Paper # 10 in the Court's Docket) (All the relevant exhibits offered by the Government are contained as attachments to Snider's Declaration, and thus will hereinafter be referred to only by number.) However, a determination of the actual date of Rock's receipt is not necessary for purposes of disposing of the instant motion.

2. The actual date on which the Notice of Claim was filed by claimant is the central issue raised by the motion presently before this court, and will accordingly be treated *infra.*

3. The Government accurately notes that the envelope bears two postmarks, but incorrectly identifies them as October 11, 1991 and October 15, 1991. Both marks indicate a mailing date of October 15, 1991.

4. An examination of Exhibit 7 reveals that the Government's representation that the forwarding stamp was dated October 28, 1991 is incorrect, since the mark plainly indicates October "23".

5. *Somlyo v. J. Lu–Rob Enters., Inc.,* 932 F.2d 1043 (2d Cir.1991) is not to the contrary. The *Somlyo* court, in dealing with the more complex issue of whether papers which were not in conformance with the Local Rules were timely filed, distinguished the facts before it from *Greenwood.* In the instant case, neither party

**494**

("Filing of papers with the court" defined as filing with the clerk of the court);[6] *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916) ("A paper is filed when it is delivered to the proper official and by him received and filed");[7] *Pathway Bellows, Inc. v. Blanchette,* 630 F.2d 900, 902 (2d Cir.1980) ("[A] paper will not be considered 'filed' until it has been delivered to and received by the party with whom it is to be filed"); BLACK'S LAW DICTIONARY 566 (5th ed. 1979) ("File" defined as "[t]o deliver an instrument or other paper to the proper officer or official").

The relevant custodians with whom a Notice of Claim and Cost Bond in a forfeiture proceeding are to be filed are the DEA's Asset Forfeiture Section or the DEA's special agents designated to seize property as may be subject to seizure. Administrative Functions, Practices, and Procedures of the DEA, 21 C.F.R. § 1316.71, 72, 76. In the instant case, it is undisputed that claimant Rock's Notice of Claim and Cost Bond were received by the DEA on October 25, 1991, making that the effective filing date of the papers. Therefore, since Rock's Notice of Claim was filed on October 25, 1991, the Government's complaint for civil forfeiture which was filed on December 23, 1991—less than sixty days later—was timely filed.

contests that Rock's filing was effected properly; the issue is rather when the filing occurred.

**6.** The Federal Rules of Civil Procedure are applicable to actions for forfeiture of property for violation of a federal statute. 4 C. Wright & A. Miller, *Federal Practice & Proc.* § 1020 (2d ed. 1987 & supp. 1992). Wright and Miller explain that the Advisory Committee Notes to the 1966 amendment to Rule 81(a)(2), which governs the applicability of the Federal Rules of Civil Procedure, eliminated a former exception for forfeiture cases. As the authors demonstrate, the Note further comments that forfeiture proceedings, now governed by the admiralty rules, should be governed by the unified and supple-

## CONCLUSION

Claimant's Motion to Dismiss and for Return of the 1979 Cadillac Sedan Deville (Paper # 4) is hereby DENIED.

mental rules. Rule A of the Supplemental Rules for Certain Admiralty and Maritime Claims states that the Federal Rules of Civil Procedure are applicable to statutory condemnation proceedings analogous to maritime actions *in rem,* whether within the admiralty and maritime jurisdiction or not, except to the extent that they are inconsistent with the Supplemental Rules.

**7.** *Lombardo* explains the etymology of the word "file" as being derived from the Latin word "filum," relating to the ancient practice of placing papers on a thread or wire for safe-keeping and ready reference. 241 U.S. at 76, 36 S.Ct. at 509.