COSGROVE, J.
The Defendant, Mohegan Tribal Gaming Authority (hereinafter MTGA) has filed a motion to dismiss the claim of the Plaintiff, William Fitzpatrick because of his failure to file his claim with the Office of the Clerk of this Court within the one hundred and eighty (180) day limit established by “An Ordinance Establishing the Mohegan Torts Code,” M.T.O. 96-2, Sec.10 (hereinafter “Mohegan Torts Code”). Mr. Fitzpatrick alleges that he was injured on October 13, 1996 when a chair he was sitting on in front of a slot machine broke and that he suffered injuries. In order to be timely filed under the “Mohegan Torts Code” Mr. Fitzpatrick’s claim had to be filed with the Clerk of this Court on or prior to April 11, 1997.
The claimant admits that the clerk of this court did not stamp in or file his Claim until April 14, 1997. He claims, nevertheless, that his claim is timely because the statute of limitation of the “Mohegan Torts Code” was tolled or met when a mailroom that services the Court received the documents on April 11,1997.
The parties are in agreement with regard to certain basic facts. The plaintiff has presented to the Court evidence that on April 11, 1997 at 9:31 a.m. his claim under the “Mohegan Torts Code” was delivered to:
“Mohegan Tribal Gaming Authori,
c/o Gaming Disputed Court,
67 Sandy Desert Road, Uncasville,
CT 06382(sic).”
The claim was signed for by C. Rickard. See FedEx Sender Activity Summary appended to claimant’s memorandum dated *406 January 30, 1998. The court, with the permission of the parties questioned the Clerk of this Court as to how the Clerks office received mail and pleadings. This Court receives mail in several ways: the clerk stops at the U.S. Post Office in Un-casville, CT 06382 on the way to work in the morning to check the court’s post office box; the Clerk receives mail on a daily basis by the Court’s street address by going to a mailroom within the building housing the Court offices; and FedEx or UPS packages for the Court are delivered to a mailroom that is in the Mohegan Sun Casino building adjacent to the Court offices. The last two mailroom facilities, that are on the Mohegan Tribal Reservation, also distribute mail to the MTGA as well as the Gaming Disputes Court. The street address of the Court on its stationary is 67 Sandy Desert Road, Uncasville, CT 06382-0549. There is no indication of a suite or room number for the Clerk.
The MTGA, through counsel, acknowledged it received the plaintiffs claim on April 11, 1997. It did not know when it discovered that the package it received should have been delivered to the Court rather than the MTGA.
The plaintiff in this case is requesting relief pursuant to the “Mohegan Torts Code” M.T.O. 96-2. This ordinance contains a limited waiver of sovereign immunity M.T.O. 96-2, Sec. 3. The ordinance further provides that:
All claims shall be filed within 180 days of the date on which they accrued. Claims brought under this ordinance shall be deemed to accrue on the date when the injury is sustained. M.T.O. 96-2, Sec. 10
Although the “Mohegan Torts Code” incorporates significant parts of its jurisprudence of the State of Connecticut, its filing system is more similar to the federal system. Under the “Mohegan Torts Code” a claim is filed and the statute is tolled or met when the claim is filed with the Clerk of the Court. This is quite different from the state court system which allows a claimant or a plaintiff to meet a statute of limitations by placing a complaint in the hands of a sheriff for service in a timely fashion. “... [a]n action is commenced not when the writ is returned but when it is served upon the defendant.” Broderick v. Jackman, 355 A.2d 234, 235, 167 Conn. 96 (1974)
The Court has found a number of federal cases which are based upon factual situations that have similarities to the case at bar. In Cooper v. City of Ashland, 871. F.2d 104 (9th Cir.1989) the plaintiff commenced a civil rights action against the defendant municipality by mailing the documents to the Court via certified mail, return receipt requested. The return receipt was signed for by an employee in the Clerk’s office on October 13, 1986, but was not stamped received or filed by the Clerk’s office until two days later. The last date for filing the action was October 14, 1986. The District Court granted summary judgment for the municipality on the grounds that the action was not filed in a timely fashion. In reversing the District Court, the Court of Appeals held:
“When papers are mailed to the Clerk’s office, filing is complete 'when the papers are received by the Clerk.” 2 J. Moore, Moore’s Federal Practice § 5.11 (2d ed. 1988); 4A C Wright & A. Miller, Federal Practice and Procedure § 1153 (2d. ed. 1987); see also Torras Herrería, y Construcciones, S.A. v. M/V Timur Star, 803 F.2d 215, 216 (6th Cir.1986), (emphasis added).
In Greenwood v. The State of New York, 842 F.2d 636 (2d Cir.1988) the Court of Appeals reversed the District Court judgment dismissing the action of Dr. Greenwood. Dr. Greenwood filed his § 1983 *407 action by stamping it and leaving it in a night depository box maintained by the District Court Clerk’s office on the evening of December 18, 1984. The complaint was deemed filed, pursuant to local court rules as of December 19, 1984. The last date for the filing of the action was December 18, 1984. The Court, noting that the Clerk’s office voluntarily made available the night depository box and the time stamp machine next to the box, stated:
“In light of this and the fact that the Clerk of the Court retains exclusive eon-trol over the night depository box, we hold that all papers placed there are in the Clerk’s actual possession. Since we have previously defined filing as the ‘delivery [of papers] into the actual custody of the proper officer, designated by stab-ute,’ see In re Gubelman, 10 F.2d 926, 929 (2d Cir.1925), papers placed in the night depository are filed with the Clerk.” Greenwood, supra at 639 (emphasis added).
The question that is dispositive in this case, then, is whether the receipt of the plaintiffs claim by the mailroom is the equivalent of receipt of the claim by the clerk per Cooper, supra or within the cus-tody of the clerk per Greenwood, supra, It would appear that the defacto policy of the Court is to use a mailroom of the MTGA to accept delivery of UPS or Fe-dKx parcels. It is undisputed that a mail-room which services the clerk of the court on the Mohegan Tribal Reservation was in receipt of the claim of Mr. Fitzpatrick at 9:11 a.m. on April 11, 1997. The direction given by the plaintiff to the FedEx was to deliver the parcel in care of the Gaming Disputes Court and to obtain a receipt for the delivery of the claim from the Gaming Disputes Court. C. Rickard acknowledged receipt of the parcel on April 11, 1997. This is not the same as delivery of a parcel of mail to the U.S. Postal Service without a guarantee of the time of the delivery or the requirement of obtaining a receipt.
There are further considerations that weigh in determining whether the clerk of the court was in receipt of the claim on April 11, 1997. While this court is a court of limited jurisdiction, M.T.O. 95-4 (enacted as 95—7/20—11), sec. 102, it is also charged under this same ordinance as to how it should develop the common law of the Mohegan Tribe.
In further developing the Tribe’s common law and in deciding the cases before it, the Gaming Disputes Court shall strive to achieve stability, clarity, equity, commercial reasonableness, and fidelity to any applicable Mohegan Tribal ordinances or regulations. See M.T.O. 95-4 (enacted as 95-7/20-11) Section 303.
Here, the plaintiff acted in a commercially reasonable manner to ensure the delivery of his claim in a timely fashion to the physical location of the court and requested a receipt so that there was evidence of the time of delivery. Further there is no issue raised with regard to actual delivery or notice of the claim by the MTGA.
Under the facts of this case, the court holds that the time and date on the receipt executed by C. Rickard is the time and date when the Claim was received by or in the custody of the Clerk. It therefore tolled the statute of limitations contained in the “Mohegan Torts Code” and the claimant’s claim has been filed in a timely fashion. The defendant MTGA’s motion to dismiss is denied.