**Sandra J. NEARHOOD, Plaintiff,**

v.

**TOPS MARKETS, INC., Defendant.**

### No. 99–CV–6111L.

United States District Court, W.D. New York.

Nov. 29, 1999.

Sandra J. Nearhood, Perry, NY, Pro se.

Robert A. Doren, Bond, Schoeneck & King LLP, Buffalo, NY, for Tops Markets, Inc., defendant.

### *DECISION AND ORDER*

LARIMER, Chief Judge.

#### Procedural Background

Plaintiff, Sandra Nearhood ("Nearhood" or "plaintiff"), a former employee of defendant, Tops Markets, Inc. ("Tops" or "defendant"), alleges gender discrimination, sexual harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title

---

VII"). Tops counters that Nearhood's complaint is untimely. Presently before the Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 12(b)(6). For the following reasons, defendant's motion is granted and the complaint is dismissed.

## Factual Background

The following facts are not in dispute. Nearhood was employed with Tops until May 1997, when she was terminated. Shortly thereafter, plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"), alleging sexual harassment, gender discrimination, and retaliation. The complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). On June 1, 1998, the NYSDHR issued a determination of "No Probable Cause" to believe that defendant engaged in the alleged unlawful discrimination.

On December 3, 1998, the EEOC issued a "right-to-sue" letter to plaintiff, notifying her that the EEOC adopted the NYSDHR's findings. That letter also instructed plaintiff that any lawsuit she may wish to file "under federal law .... **must be filed *WITHIN 90 DAYS* from your receipt of this notice**; otherwise, your right to sue based on this charge will be lost." (Emphasis in original).

Plaintiff admits that she received the "right-to-sue" letter from the EEOC on December 5, 1998. (Complaint, ¶ ¶ 12, 18).

The complaint bears a stamp that it was "Filed" on March 10, 1999, ninety-five days after plaintiff received her "Right to Sue" letter from the EEOC.

## DISCUSSION

The issue before the court may be simply stated: Did plaintiff commence this action within ninety days of her receipt of the right-to-sue letter issued by the EEOC?

The applicable law is well-settled. Under Title VII, an aggrieved person has ninety days following the issuance of a right-to-sue letter in which to commence an action. 42 U.S.C. § 2000e–5(f)(1). An action is commenced by filing a complaint with the court. F.R.C.P. 3. An action not filed within ninety days must be dismissed, absent the application of equitable tolling. *Johnson v. Al Tech Specialties Steel Corp.,* 731 F.2d 143, 146 (2d Cir.1984).

The parties do not dispute the existence or applicability of the ninety-day filing requirement, but, on the facts of this case, they appear to disagree as to whether plaintiff satisfied the filing requirement based upon plaintiff's claim that she dated and mailed the complaint less than ninety days after she received her right-to-sue letter.

Nearhood's unsworn response to this issue is limited to one sentence: "The paperwork for filing this case with the United States District Court was filled [sic] put [sic] and mailed on, or around February 20, 1999." She also references the fact that she wrote "2–20–99" next to her signature on her complaint. Therefore, it appears that plaintiff's position is that this case should be deemed to have been filed on the day she claims to have dated and mailed her complaint, rather than on the date that her complaint was received by the court and stamped as "Filed."

It is well established, however, that when papers are mailed to the clerk's office, filing is complete only upon the clerk's receipt of those papers, and that filings reaching the clerk's office after a deadline are untimely, even if they are mailed before the deadline. *See, e.g., U.S. v. White,* 980 F.2d 836, 845 (2d Cir.1992) (holding that filing requires delivery of papers into the actual custody of the clerk); *U.S. v. 1979 Cadillac Sedan Deville,* 793 F.Supp. 492, 493–494 (D.Vt.1992) (holding that filing "carries the meaning not of sending papers, but of delivery into the actual custody" of the clerk) (internal quotation marks omitted); *see also Ortiz v. County of Orange,* 152 F.3d 928 (9th Cir.1998); *Haney v. Mizell Memorial Hospital,* 744

F.2d 1467, 1472 (11th Cir.1984) (notice of appeal is deemed filed when it is received by clerk, and that "simply depositing the notice in the mail is not the same as filing it,"); *McIntosh v. Antonino,* 71 F.3d 29, 36 (1st Cir.1995) (action is not filed until received by the court); *Cooper v. City of Ashland,* 871 F.2d 104, 105 (9th Cir.1989) (when complaint is mailed to the clerk's office, it is filed when received); *U.S. v. Doyle,* 854 F.2d 771, 773 (5th Cir.1988) ("the timeliness of the act of filing with a district clerk is not subject to mail delay"); *Torras Herreria y Construcciones, S.A. v. M/V Timur Star,* 803 F.2d 215, 216 (6th Cir.1986) ("[f]ilings reaching the clerk's office after a deadline are untimely, even if mailed before the deadline"); F.R.C.P. 5(e).

■ There is no question that this action is untimely. That is readily apparent from the face of the complaint, in which plaintiff admits both in paragraph 12 and in paragraph 18 that she received her right-to-sue letter on December 5, 1998. That letter clearly warned plaintiff that she had only ninety days from her receipt of that notice to file suit under federal law, or, otherwise, her right to sue based on her charge would be lost. This action was filed on March 10, 1999, ninety-five days after Nearhood herself admits having received that notice.

Although "the 90–day rule is not a jurisdictional predicate, 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.'" *Johnson v. Al Tech Specialties Steel Corp., supra,* 731 F.2d at 146 (dismissing complaint filed ninety-seven days after receipt of notice of right-to-sue) (quoting *Rice v. New England College,* 676 F.2d 9, 11 (1st Cir.1982)). Indeed, courts have dismissed actions that were filed on the ninety-first day after receipt. *See, e.g., Peete v. American Std. Graphic,* 885 F.2d 331, 332 (6th Cir.1989); *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652 (4th Cir.1987); *Moscowitz v. Brown,* 850 F.Supp. 1185, 1192 (S.D.N.Y. 1994).

The Supreme Court has also cautioned against too freely tolling the ninety-day period, stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (upholding dismissal of complaint due to plaintiff's failure to file within ninety days of receipt of right-to-sue).

The equitable considerations that have been recognized as justifying tolling the limitations period have been applied sparingly. The Supreme Court in *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), stated that equitable tolling has been allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass" (footnotes omitted). Tolling may also be appropriate where the EEOC's notice did not adequately inform the plaintiff of the ninety-day time limit, where a motion for appointment of counsel is pending, or where the court has led the plaintiff to believe that she has satisfied the statutory prerequisites to suit. *Baldwin County Welcome Center, supra,* 466 U.S. at 151, 104 S.Ct. 1723. Courts have been much less forgiving in receiving late filings, however, "when the claimant failed to exercise due diligence in preserving his legal rights." *Irwin, supra,* 498 U.S. at 96, 111 S.Ct. 453.

The rationale behind the reluctance of courts to apply equitable tolling broadly is that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Center v. Brown, supra,* 466 U.S. at 152, 104 S.Ct. 1723 (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)).

■ Although there may be situations in which equitable tolling may be appropriate, this is not one of those situations. First, it should be pointed out that Nearhood has not argued that the ninety-day limitation period should be tolled in the instant case. Nearhood's sole argument was essentially that her complaint was timely filed because she dated and mailed it prior to the expiration of the ninety day period. But, in any event, there are no facts in the record that would justify equitable tolling.[1] Thus, Nearhood's action is untimely and must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Dkt.# 5) is granted, and plaintiff's complaint in its entirety is dismissed with prejudice.

IT IS SO ORDERED.

---

1. A plaintiff's mere lack of legal knowledge does not warrant equitable tolling. *See Robinson v. Service Sys. Corp.*, 46 F.E.P. Cas. (B.N.A.) 1309 (W.D.N.Y.1986). The issues related to filing suit within ninety days of receipt of an E.E.O.C. right-to-sue notice are straightforward. *See Stevenson v. Unichema North America*, 94–CV–6544, 1995 WL 453001, *3 (N.D.Ill.1995) (motion to dismiss complaint not filed within ninety days of receipt of right-to-sue letter involves issue "that a *pro se* party could readily understand.")