**In re Howard I. WEINSTEIN, Debtor.**

**Bankruptcy No. 898–90841–478.**

United States Bankruptcy Court,
E.D. New York.

Feb. 14, 2000.

Ochs & Goldberg, LLP, by Martin P. Ochs, New York City, for the debtor.

Charles D. Franken, Plantation, FL, Steven Schneider, Cedarhurst, NY, for James W. Keen and United Sheet Metal Co., Inc.

Bonita R. Bequet, Garden City, New York, Chapter 7 Trustee.

## DECISION DENYING APPLICATION BY DEBTOR FOR AN ORDER DEEMING MOTIONS ABANDONED

DOROTHY EISENBERG, Bankruptcy Judge.

This matter is before the Court pursuant to an application by Howard I. Weinstein (the "Debtor") for an order declaring motions made by James W. Keen and United Sheet Metal (the "Creditors") (1) to extend the Creditors' time to file a complaint objecting to dischargeability, and (2) to vacate the automatic stay abandoned for failure to comply with Local Rule 9072–1 of the Bankruptcy Court for the Eastern District of New York. Based on the facts of this case as set forth herein and pursuant to Local Rule 100–1(c), which specifically authorizes the Court to modify or suspend any of the Local Rules "in the interest of justice or for cause," the Court denies the application.

### FACTS

On October 27, 1998, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. The Creditors are listed as Creditors on Schedule "F" of the Debtor's petition. The Creditors' claim arose in connection with an arbitration action which was commenced prior to the commencement of this Chapter 7 case and was pending before the National Association of Securities Deals ("NASD") in Fort Lauderdale, Florida (the "Arbitration Action"). The Creditors retained counsel located in Florida to represent them in the Debtor's case, and subsequently retained local counsel to represent them as well. Local New York counsel is not familiar with this Court's practice.

By application dated January 6, 1999, the Creditors sought the entry of an order pursuant to Section 362 of the Bankruptcy

Code granting the Creditors relief from the automatic stay (the "Lift Stay Motion") to enable the Creditors to continue with the prosecution of the Arbitration Action. On January 22, 1999, the Creditors timely served and filed a motion pursuant to Bankruptcy Rule 4004 for an Order extending the Creditors' time to object to the discharge of the Debtor until the completion of the Arbitration Action. On March 5, 1999, the Creditors served an amended motion (the "Amended Dischargeability Motion") which did not change the facts alleged, but clarified their requested relief to indicate that the Creditors were not seeking to extend their time to object to the discharge of the Debtor, but were seeking to extend their time to object to the dischargeability of the debt which might arise in connection with the Arbitration Action. The Debtor opposed the Amended Dischargeability Motion and a hearing was held on March 30, 1999. At the March 30, 1999 hearing, the Court reserved decision on the Amended Dischargeability Motion and directed the parties to file supplemental pleadings.

On June 16, 1999, this Court entered a decision (the "June Decision") which granted the relief requested by the Creditors in the Amended Dischargeability Motion. In addition, this Court granted the Creditors' Lift Stay Motion to enable the Creditors to continue with the Arbitration Action. At the end of the June Decision, the Court directed the Creditors to settle an order consistent with the June Decision. No order was settled pursuant to the Order of the Court and no order has been entered thereon. According to an affirmation filed by counsel to the Creditors dated January 24, 2000, counsel to the Creditors did not timely submit an order to the Court as it was counsel's understanding that the Court would undertake to prepare a separate order. Counsel to the Creditors avers that it is customary in his practice in Florida for the Court to enter a separate order upon a memorandum decision or for the Court to direct a party to submit an order. Counsel did not understand the language in the June Decision to constitute a directive by the Court to settle an order.

On or about October 23, 1999, the Court Clerk contacted local counsel to the Creditors and advised the Creditors to settle an order in accordance with the June Decision. On October 25, 1999, a proposed order was settled on the Debtor's counsel who did not submit a counter order or separate order. On October 30, 1999, counsel to the Creditors filed the proposed order with the Court and on November 10, 1999, the order was signed by the Court (the "November Order").

On November 18, 1999, the Debtor filed a motion under Bankruptcy Rule 9023 to amend the November Order for the purpose of seeking a full hearing on the issue of the relief from the automatic stay (the "Motion to Amend"). Although the Debtor did acknowledge in his papers in support of the Motion to Amend that the Order was not submitted in a timely fashion in compliance with Local Rule 9072–1, he did not seek dismissal of the Amended Dischargeability Motion under this Rule. In fact, his papers are completely devoid of any argument regarding such request.

At the hearing on January 20, 2000, the Debtor orally raised to this Court for the first time the argument that the failure of the Creditors to submit a timely order memorializing the June Decision should result in the dismissal of the Amended Dischargeability Motion. The Court reserved on this issue and directed that additional papers be filed by both parties.

## DISCUSSION

At the outset, the Court notes that the issue of whether the failure of the Creditors to submit a timely order mandates dismissal of the Amended Dischargeability Motion was not addressed in Debtor's Motion to Amend the Court's November, 1999 Order. In fact, counsel to the Debtor unfairly castigated local counsel to the Creditors for failing to address this issue,

despite the fact that it was raised for the first time at the hearing.

Local Bankruptcy Rules for the Eastern District of New York 9072–1 provides:

> If, following a trial, hearing or decision in an adversary proceeding or a contested matter, the Judge directs a party to settle an order, judgment or decree, the parties shall, within fifteen (15) days of the judge's direction, file a proposed order, judgment or decree with the clerk upon not less than five (5) days' notice to all parties to the adversary proceeding or contested matter ... if the Order is not timely submitted or settled, the matter shall be deemed abandoned.

Local Bankruptcy Rule 9072–1.

■■■ Rule 1001–(c) provides that:

In the interest of justice or for cause, a judge may modify or suspend requirements set forth in these rules.

Local Bankruptcy Rule 1001–1(c).

The scope of Local Rule 1001–1(c) is all encompassing and covers every provision contained in the Local Rules. Therefore, under the Local Rules themselves, the Court is permitted to suspend the fifteen (15) day requirement set forth in Local Rule 9072–1. The Court finds that in the interest of justice, such suspension is warranted.

In this case, counsel for the Creditors does not practice regularly before this Court and in fact practices in Florida. Counsel for the Creditors claims that he did not interpret the language at the end of the June Decision as a directive that he settle an appropriate order, and that he expected the Court to prepare the order. Given that counsel is not familiar with this Court's practice or with the bankruptcy practice of the Eastern District of New York in general, the Court finds that cause exists for suspension of the deadlines set forth in Local Rule 9072–1. In addition, as a matter of course, this Court's Chambers mails notices to parties who fail to settle or submit orders within thirty days after the hearing date to notify them that their matter will be dismissed unless they file an appropriate order within twenty days of the notice date. Therefore, this Court regularly affords parties an extension of time to comply with the rules in the event they are not familiar with Local Rule 9072–1. This is done to prevent motions with merit from being unintentionally abandoned. In cases where the Court renders a written decision, the Court does not automatically send out notices of dismissal to the party in question upon their failure to comply with Local Rule 9072–1. Given the fact that the Court believes there was no intent to abandon the creditors' motion and that there would be serious adverse effect upon the creditors' rights in this case without any prejudice to the Debtor for failing to settle the Order sooner, the Court finds that the failure of the Creditors to timely settle their order was excusable and Local Rule 9072–1 should be suspended.

■■ In addition to having the express authority under Rule 1001–1(c) to suspend Local Rule 9072–1 in this case, the Court notes that the Court of Appeals for the Second Circuit recognizes that it is within the discretion of the Bankruptcy Court to depart from the strict letter of a local rule. *Somlyo v. J. Lu–Rob Enters.*, 932 F.2d 1043 (2nd Cir.1991). Therefore, this Court has the authority to suspend Local Rule 9072–1 in this case in its discretion even if Local Rule 1001–1(c) did not apply.

> The Bankruptcy Courts have inherent power to decide when a departure from its Local Rules should be excused or overlooked, and their inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule.

*Spielfogel v. Bambu Sales, Inc. (In re Spielfogel)*, 237 B.R. 555, 561 (E.D.N.Y. 1999) (citations omitted).

■■ The Court finds that the exercise of its discretion to suspend the application of

Local Rule 9072–1 is appropriate given the particular facts of this case. In addition, if this Court were to enforce Local Rule 9072 in this case, the Creditors would have no recourse against a Debtor who may have defrauded them of hundreds of thousands of dollars. Such a result would work an injustice on the Creditors, and would not be appropriate or equitable. The Court also notes that upon receiving a telephone call from a Court Clerk, counsel to the Creditors quickly filed the November Order with the Court.

### *CONCLUSION*

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(5).

2. The Creditors' failure to comply with the letter of Local Rule 9072 is hereby suspended pursuant to Local Rule 1001–1(c) in the interest of justice and for cause.

3. A hearing on the remainder of the Debtor's Motion to Amend the November Order will be held on March 16, 2000 at 10:00 a.m.

4. Simultaneously herewith the Court will enter an Order suspending Local Rule 9072 and finding that the Creditors' contested motion has not been abandoned.