**Cheyenne Beth CONFER, Plaintiff,**

v.

**BRISTOL–MYERS SQUIBB COMPA-NY and Otsuka American Pharmaceutical Inc., Defendants.**

**No. 14 Civ. 6868(LLS).**

United States District Court, S.D. New York.

Signed Nov. 14, 2014.

Louis Francis D'Onofrio, The D'Onofrio Firm, L.L.C, Philadelphia, PA, for Plaintiff.

Anand Agneshwar, Robert Benjamin Sobelman, Arnold & Porter, LLP, Thomas Patrick Lane, Luke A. Connelly, Winston & Strawn LLP, New York, NY, Jeff Philip Johnson, Winston & Strawn LLP, Washington, DC, for Defendants.

## MEMORANDUM and ORDER

LOUIS L. STANTON, District Judge.

Plaintiff Confer moves to remand this case to the New York State Supreme Court, from which it was removed, under 28 U.S.C. § 1441(b)(2) which states:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Both courts have jurisdiction, the New York court because the action was brought there, and this court because plaintiff is a Pennsylvania citizen, Bristol–Myers a citi-

---

zen of New York (and Delaware), and Otsuka a citizen of Delaware and Maryland.

Defendants claim that § 1441(b)(2) is inapplicable by its own terms, because at the time defendant Otsuka filed its notice of removal the New York citizen defendant Bristol–Myers had not yet been properly joined and served. It was not served until an hour and a half later.[1]

But § 1441(b)(2) is not only a rule of procedure: it expresses the policy that the defendant who lives in the state where the action is brought has no prima facie reason to fear local prejudice or discrimination against out-of-towners, and thus to seek the protection of federal diversity jurisdiction. "The historical rationale for diversity jurisdiction was that out-of-state parties might be subjected to undue prejudice in state courts, and thus ought to be afforded the opportunity to have their cases tried in an impartial forum." *O'Brien v. AVCO Corp.*, 425 F.2d 1030, 1033 (2d Cir.1969) (citing *Bank of the United States v. Deveaux*, 9 U.S. (5 Cranch) 61, 87, 3 L.Ed. 38 (1809) (Marshall, C.J.)). That concern about home-state bias is much palliated when a defendant is a citizen of the forum state. *Eicher v. Macquarie Infrastructure Mgmt. (USA) Inc.*, No. 12 Civ. 5617(GBD), 2013 WL 4038601, at *2 (S.D.N.Y. Aug. 8, 2013) (citing *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir.2006)).

The requirement that a forum-defendant be served, before the forum-defendant rule applies, serves only to prevent a plaintiff from blocking removal by joining a resident party against whom it has no serious plan to proceed. As stated in *Eicher, ibid:*

> The purpose of the 'joined and served' requirement within the forum defendant rule is to prevent a plaintiff from blocking removal by joining a resident party as a forum defendant against whom it does not intend to proceed or serve.

Here the deficiency in procedure was remediated within the same morning, and the case falls under the general policy that the removal statute is to be construed narrowly, resolving any doubts against removability. "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991); *accord Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir.2013).

The motion to remand (Dkt. No. 17) is granted, and the clerk is requested to transmit the file to the Supreme Court of the State of New York, County of New York.

So ordered.

---

**1.** Otsuka's Notice of Removal was filed here at 8:36 A.M.; plaintiff served Bristol–Myers at 10:05 A.M. that morning.