Ida **ALLEN** and Mahala A. Dickerson,
Appellants,

v.

**UNITED STATES FIDELITY & GUAR-
ANTY COMPANY,** Appellee.

**No. 19691.**

United States Court of Appeals
Ninth Circuit.

March 18, 1965.

Rehearing Denied April 27, 1965.

M. Ashley Dickerson, Anchorage, Alaska, for appellants.

Eugene Wiles, Delaney, Wiles, Moore & Hayes, Anchorage, Alaska, for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and BROWNING, Circuit Judges.

MADDEN, Judge:

This is an appeal from the United States District Court for the District of Alaska. Ida M. Allen, one of the appellants, had obtained a judgment in the Superior Court at Anchorage, Alaska, a state court of the State of Alaska, against Billy Manion for injuries to Allen caused by Manion in the negligent operation of an automobile. The United States Fidelity and Guaranty Company, the appellee herein, had issued to Manion a policy of liability insurance in which it agreed to pay, up to the limits of the policy, any judgment which might be rendered against Manion for injuries caused by her in the operation of her automobile.

Manion did not pay the judgment. Allen assigned to Mrs. Dickerson, her attorney, a part interest in the judgment. The two owners of the judgment then brought a suit, in the Alaska Superior Court, against the insurance company named above, asserting that the insurance company was obligated to pay them the amount of their judgment against Manion, because of its promise in its policy issued to Manion, of which promise the holders of the judgment were third party beneficiaries.

The insurance company caused the suit against it to be removed from the state court of Alaska to the United States District Court for Alaska, there being diversity of citizenship between the parties. In the District Court, after some pre-trial proceedings, each side made a motion for a summary judgment in its favor. The District Court denied the plaintiffs' motion and granted the motion of the defendant. The court wrote a memorandum opinion in which it recited the proceedings leading up to the judgment which had been rendered against Manion in the Alaska state court, cited a number of legal authorities, and concluded that the purported judgment of the Alaska state court, upon which judgment the present suit was based, was void because that court did not have jurisdiction. The District Court thereupon dismissed the plaintiffs' action with prejudice.

The plaintiffs have appealed to this court, asserting that the District Court was in error in entertaining and sustaining what the appellants say was a collateral attack upon a valid judgment of the state court of Alaska. We agree with the appellants. We think the error of the District Court consisted in its assuming the power to review, in the manner that would have been proper only to an appellate court of Alaska, the factual and legal determinations of the Superior Court of Alaska in the case of Allen v. Manion, the judgment in which case is the basis of the instant suit. The Alaska judgment was not appealed.

We shall now recite the events which are the background of the present legal

controversy. Manion injured Allen, in the operation of Manion's automobile, on February 24, 1961. There were months of negotiation between Allen and her attorney, the appellant Dickerson, and the appellee United States Fidelity and Guaranty Company, Manion's insurance carrier, for a settlement. No settlement was made. Allen filed her suit in the Alaska Superior Court on April 3, 1962. She asserted in her suit that Manion was, at the time of the accident, a non-resident of Alaska, a resident of the State of Washington. She therefore made use of the Alaska Non-Resident Motorist Statute, which we quote in the margin.[1] The complaint and summons were served on the designee of the Commissioner of Revenue on April 5, 1963. Copies of the summons and complaint were mailed to Manion's last known address by registered mail. The Post Office forwarded the letter to an address which it knew but would not disclose to Allen. The letter was returned "unclaimed" to the sender. Then a registered letter with the same contents was mailed to Manion at a Seattle, Washington address. This letter was returned unclaimed. A registered letter with the same contents was sent to Manion in care of one Webber, Superintendent of the Claims Department of the appellee.

This letter was receipted for by Webber but was returned unopened to the sender. On June 5, 1962, the plaintiff Allen amended her complaint by adding, after the name of Billy Manion, the words "aka Billy Anaruma," and by separating her claim for damages, giving specific figures for special damages and general damages, the total of the items being $22,140 instead of the $20,000 claimed in the complaint before it was amended. The amended complaint was not served on the Commissioner of Revenue of Alaska.

On March 13, 1963, a Supplemental Summons was issued out of the Alaska Superior Court, and on March 27, 1963, a copy of the summons and complaint was mailed, registered mail, to the best address that Allen could learn for Manion, addressed to Mrs. Billy Manion Anaruma, c/o Danny Anaruma, 1502 North Fortieth, Seattle, Washington. A return receipt for this letter, signed by Danny Anaruma, was received by Allen and was filed in the suit.

In the Superior Court of Alaska, no appearance was made on behalf of the defendant Manion; she defaulted and the court, on motion of the plaintiff, heard the case. The court said, " * * * service having been made on non resi-

---

[1]. "Sec. 09.05.020. *Service of process on nonresident owner or operator of motor vehicle.*

"(a) The operation of a motor vehicle by a nonresident (or owned by a nonresident and operated by his express or implied consent) on a public highway in the state is considered equivalent to an appointment of the commissioner of revenue by the nonresident as his attorney. The summons may be served on the commissioner in an action against the nonresident growing out of an accident or collision in which the vehicle is involved while being so operated. This operation is considered a signification of the nonresident's agreement that a summons against him which is so served has the same legal force as if served on him personally in the state.

"(b) Service of the summons is made by leaving a copy of it with the commissioner of revenue or his designee. The commissioner or his designee shall keep a record of each such process and the day and hour of service. This service is sufficient service on the nonresident.

"(c) The plaintiff and his attorney shall send a notice of the service and a copy of the summons to the defendant by registered mail within 10 days after the date of service.

"(d) The plaintiff or his attorney shall make an affidavit showing that he has made service of the notice and summons on the defendant by registered mail as provided in (c) of this section. The affiant shall attach to the affidavit a copy of the summons and notice so served and the registry receipt of the defendant. The affiant shall file the affidavit and attached papers with the court having jurisdiction of the cause.

"(e) The court in which the action is pending may order an extension of time necessary to give the defendant reasonable opportunity to defend the action."

dent defendant as provided by AS 1962 Sec. 09.05.020." It thereupon proceeded to hear evidence. The court's Finding 4 was:

"That at the time of the accident complained of, Defendant was and still is, a non-resident of the State of Alaska, being resident of the State of Washington, to best available information and belief of Plaintiff; * * *"

As we have seen, the Alaska Superior Court entered judgment for the plaintiff, which judgment was the basis for the suit against the appellee, filed in the Alaska Superior Court but removed by the appellee to the United States District Court, which dismissed the suit on the appellee's motion for summary judgment on the ground that the Alaska Superior Court had no jurisdiction to hear and render judgment in the case of Allen v. Manion, that therefore the judgment was void, a nullity, and could not form a basis for a suit against Manion's insurance carrier, the appellee.

■ The District Court, in its memorandum opinion, finds several faults in the proceedings in the Superior Court of Alaska. We shall consider those asserted faults. Paragraph (c) of the Alaska statute, supra, note 1, provides that

"The plaintiff and his attorney shall send a notice of the service and a copy of the summons to the defendant by registered mail within 10 days after the date of service."

Paragraph (d) of the statute provides that

"The plaintiff or his attorney shall make an affidavit showing that he has made service of the notice and summons on the defendant."

The "notice" referred to in the quoted paragraphs is a notice of the fact that the summons has been served on the Commissioner of Revenue.

It seems that Allen's attorney included in the various registered letters mailed to Manion but returned unopened, and also in the one that was finally receipted for, copies of the summons and complaint filed in the Superior Court, but not copies of the notice of service of the summons on the Commissioner of Revenue. And, with regard to paragraph (d) quoted above, Allen's attorney in her affidavit swore that she had served a copy of the "summons and complaint" on the defendant by registered mail, etc.

The appellee argues, and the District Court in its opinion holds, that the failure to mail the notice of service on the Commissioner of Revenue is a fatal defect, which renders the Alaska Superior Court's judgment void for lack of jurisdiction to adjudicate and therefore subject to the appellee's collateral attack.

■ We cannot agree with this conclusion. It is for the court in which a case is pending to determine, except as it is bound by precedents set by higher authority in its own judicial hierarchy, what departures from statutory prescription or rules of court are so slight and unimportant that the sensible treatment is to overlook them. If a court goes too far in that regard and its decision is appealed, the appellate court may reverse. But if, as in the instant case, there is no appeal, the judgment stands. And of course it can no more be attacked collaterally than can any other judgment which is based upon erroneous findings of fact or erroneous views of the law.

The appellee would place the instant case outside the doctrine which we have just stated, urging that the procedure provided in the Alaska Non-Resident Motorist Statute is, in each of its provisions, jurisditional, and hence must be strictly followed. When a court is asked to decide that the solemn adjudication of another court, standing unreversed and unappealed from, is a nullity which may be disregarded as if it had never been made, it is asked to do a thing disturbing to good order. If it is asked to do this because of some alleged defect in the manner of making service upon a party, necessary to obtain jurisdiction over him, it will want to learn whether the asserted defect deprived the party

of fair notice that he was being proceeded against. If it did not have this effect, the court might well overlook the defect and proceed to adjudicate the case.

The Alaska statute here involved provides, as perhaps statutes in all states provide, that the use of Alaska's highways by a non-resident motorist is the legal equivalent of the appointment by the motorist of the Alaska Commissioner of Revenue as the motorist's attorney upon whom process may be served in an action against the motorist arising out of an automobile accident in Alaska. It provides that if such an action is brought, service of the summons is to be made upon the Commissioner of Revenue. The closing sentence of paragraph (b), which provides for this service upon the Commissioner, says:

"This service is sufficient service on the nonresident."

We have no occasion to decide whether, if the Alaska statute had ended with that sentence and had made no provision for other notice to the non-resident defendant, a question of the validity of the statute would have been involved. The statute did go on to make provision for mailing certain papers to the defendant. Of those papers, the summons was the paper which would notify the non-resident that the suit had been filed, who the plaintiff was and how much in the way of damages she was claiming, in what court and when the defendant was required to appear. In short, that paper would fully notify the defendant of everything that was necessary to be done by herself or by her insurance carrier in order to prevent the rendition of an unjust judgment against her. The other paper mentioned in the statute, a notice that a summons had been served on the Commissioner of Revenue, would be of no use to the non-resident defendant. If the Alaska statute had omitted mention of this paper in its paragraphs (c) and (d), we do not see how any prejudice to non-resident defendants could result. The Superior Court of Alaska, having the papers and the affi-davit of the plaintiff's attorney before it, said: " * * * service having been had on non resident defendant as provided by AS 1962 Sec. 09.05.020 * *" and proceeded to adjudicate the case. That was its decision that the statute had been sufficiently complied with. If that meant that in the opinion of the court the omission to send to the defendant a notice of service on the Commissioner of Revenue was an unsubstantial omission which the court would disregard, that conclusion might have been questioned in an appeal to the Supreme Court of Alaska. But there was no appeal, and it was not for another court in another lawsuit to review and reverse that decision.

The appellee urges, with the citation of many cases, that a statute relating to service of process on non-resident owners of motor vehicles, being in derogation of the common law, must be strictly construed and that there must be strict compliance with its requirements in order that a judgment obtained thereunder may be valid. The appellee has misapprehended the many cases cited. They are cases in which a state court, or a federal court sitting in a case involving such a statute, strictly construed the state statute in deciding the case before the court. The fact that many courts in states having statutes of the same general type as the Alaska statute have strictly construed those statutes does not impose upon the courts of Alaska an obligation to strictly construe its statute. The State of Alaska is new, and it might well conclude that the result of the strict construction given to such statutes in other states has been to frustrate to a considerable degree the purposes of their statutes by making it relatively easy for non-resident motorists to find a flaw in the service, or in some other step in the statutory procedure.

If and when, in an appeal to the Supreme Court of Alaska, that court is confronted with the problem of whether the Alaska Non-Resident Motorist Statute should be strictly construed, because it is in derogation of the common law, or

should be liberally construed, because it is a remedial statute, or should be construed without any particular predilection, as statutes are normally construed, Alaska Superior Courts will then be obliged to follow the precedent so made, at the risk of being reversed if they do not. But even then, if an Alaska Superior Court fails to follow the precedent, and there is no appeal, it will not be for some other court in some other lawsuit to hold that the judgment is void for want of jurisdiction. It will be nothing more than the not infrequent occurrence of a court having made an error of fact or law, but having rendered a judgment which is valid unless reversed by a court authorized to review it.

■■ The District Court made observations in its memorandum opinion upon which we will comment. The question of whether Manion was a non-resident of Alaska at the time of the accident was decided in the suit of Allen v. Manion and is not open for decision in this case. The question whether Danny Anaruma was the husband of Billy Manion Anaruma is irrelevant. The letter sent to her, in his care, was receipted for by him, which would indicate that they were members of the same household. Whether such service was sufficient was for the Alaska court to decide, and that court decided it. The fact that the letter finally receipted for was sent by Allen's attorney almost one year after the suit was started, rather than within ten days as paragraph (c) of the Alaska statute provides, poses no problem in this case. Promptly after the filing of the suit, and repeatedly within the intervening year, Allen had, diligently and in good faith, sent letters to addresses where Manion was thought to be or to have been. Those letters were all returned unclaimed. It would be an unduly narrow construction of a service statute such as the Alaska one to hold that one could permanently evade service by the easy expedient of not accepting mail, or not permitting mail to be forwarded, for the brief period of ten days.

At any rate, that was not the construction which the Superior Court of Alaska gave to the Alaska statute.

■ As we have pointed out, the complaint was amended by Allen on June 5, 1962, and the amount of damages claimed was increased from $20,000 to $22,140. This amended complaint was not served upon the Commissioner of Revenue. It was sent by registered mail to Manion. Since the court's judgment for Allen was well below the figures given in either the original or the amended complaint, the omission to serve the amended complaint on the Commissioner of Revenue was a technical omission of no substance, and which cannot be collaterally litigated.

■ To sum up, we find nothing in the points discussed above which even closely approaches the stature of a constitutional defect in the judgment of the Alaska court. Due Process of Law, as guaranteed by the Fourteenth Amendment, is concerned with the substantial fairness of legal procedures, and not with mere variations from the letter of a text.

The appellee raises questions as to the fairness of holding it, in effect, bound by the judgment which Allen obtained against Manion and which the appellee, in the insurance policy issued by it to Manion, had promised to pay.

After the occurrence of the accident involving Manion and Allen, in February, 1961, the appellee insurance company became aware of the accident and of Allen's claim against Manion. It assigned a file number to the case and entered into negotiations with Allen's attorney. On December 16, 1961, it, in writing, withdrew all previous offers of settlement. On December 20, 1961, it made a final offer of $751 for a full and unconditional release of liability. Allen did not accept this offer. Allen brought suit in the Superior Court in Anchorage on April 3, 1962. In one of Allen's several attempts to get a copy of the summons to Manion, a letter containing a copy of the summons and complaint was sent to Manion care of appellee. This letter was

receipted for by the appellee, but was returned unopened to the sender. Judgment was entered in the case of Allen against Manion on May 24, 1963. On June 7, 1963, Allen's attorney sent a copy · of the judgment to the appellee, and demanded that it pay the judgment. The appellee, in writing, acknowledged the receipt of the copy of the judgment, but refused to pay it.

The above recital shows that the appellee had knowledge of the claim of Allen against its insured, negotiated for a settlement of the claim, made an offer of settlement which was not accepted. It might well have expected, in the circumstances, that there would be a suit. When, in April, 1962, it received a registered letter sent to Manion, its insured, in its care, it would have had reason to know that the letter to Manion related to litigation, and to the claim on which it had a file showing that the claim had not been settled. Then, within a few days after the judgment against its insured had been entered, it received a copy of the judgment, refused to pay it, and reserved its defenses.

█ Since the appellee was in serious danger of having to pay the judgment rendered by the Superior Court, and since, under its policy issued to Manion, it had agreed to defend her in litigation, and since the judgment against her was a default judgment, it is probable that even after the judgment had been entered the appellee, if it had petitioned the court, would have have been given a hearing in the Superior Court. If so, it could have raised the various points which it has sought to raise collaterally in this litigation. But the appellee made no move toward entering the Superior Court case.

Allen had no legal obligation to give the appellee notice of the filing of her suit against Manion. The appellee, however, had reason to know that the suit had been filed, and could have easily verified the fact. Allen had no legal obligation to give the appellee prompt notice of the entry of the judgment against Manion. She did, however, give prompt

notice, and thus gave the appellee an opportunity to attempt to make a defense for Manion. The appellee made no use of that opportunity. We find no inequity whatever in the situation in which the appellee finds itself.

The judgment of the District Court is reversed, and the cause is remanded to that court for further proceedings not inconsistent with this opinion.