**BAKER INDUSTRIES, INC.,**
**Plaintiff-Appellee,**

v.

**HOWARD ELECTRICAL AND MECHANICAL INCORPORATED,**
**Defendant-Appellant.**

No. 85–1758
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 18, 1986.

Rehearing Denied Aug. 19, 1986.

Wm. Andress & Associates, P.C., Wm. Andress, Jr., Dallas, Tex., for defendant-appellant.

Johnson & Swanson, Richard V. Normington, Dallas, Tex., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

## OPINION

JOHNSON, Circuit Judge:

We are constrained to dismiss the instant appeal since defendant-appellant, Howard Electrical and Mechanical, Inc. ("Howard Electrical"), has failed to file an effective notice of appeal under Fed.R.App.P. 4(a)(4). For purposes of determining jurisdiction,[1] the following procedural sequence is relevant:

December 3, 1985—final judgment entered by the district court.

December 6, 1985—defendant Howard Electrical filed its motion for additional findings of fact.[2]

December 6, 1985—notice of appeal filed by defendant Howard Electrical.

January 10, 1986—district court denied defendant Howard Electrical's motion for additional findings of fact.

Subsequent to January 10, 1986, no further notice of appeal was filed. Indeed, the last document in the record is the district court's denial of the request for additional findings of fact.

Federal Rules of Appellate Procedure 4(a)(4) provides in relevant part:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: ... (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

Fed.R.App.P. 4(a)(4). It is well established that the failure to file a timely notice of appeal under Fed.R.App.P. 4(a) is "mandatory and jurisdictional, and absent compliance, the appeal must be dismissed." *Burnside v. Eastern Airlines, Inc.*, 519 F.2d 1127, 1128 n. 2 (5th Cir.1975) (per curiam). This Court has recently emphasized that a "bright-line" approach in administering Rule 4 serves the interest of both counsel and the Court. *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 670 (5th Cir.1986) (en banc).

Howard Electrical's postjudgment motion, which was captioned "Defendant's Request for Additional Findings of Fact and Conclusions of Law," is a motion under

---

**1.** No party filed a motion to dismiss this appeal. However, it is axiomatic that this Court must raise *sua sponte* the issue of its own jurisdiction. Accordingly, upon noticing the possible jurisdictional defect, this Court asked the parties to submit letter briefs on the issue. The parties complied.

**2.** The certificate of service indicates that the motion was served on December 5. A motion

to amend or make additions to the district court's findings of fact must be "made" within ten days of the district court's entry of judgment. Fed.R.Civ.P. 52(b). A Rule 52(b) motion is deemed to be "made" when it is served. 5A Moore's Federal Practice ¶ 52.11[1], at 52–193 n. 8 (1986). The Rule 52(b) motion was clearly made within ten days of the district court's entry of judgment.

Rule 52(b) of the Federal Rules of Civil Procedure. In the instant case, Howard Electrical filed its notice of appeal one day after its motion (i.e., the motion for additional findings of fact) under Rule 52(b) was served. Rule 4(a)(4) clearly provides, "A notice of appeal filed before the disposition of any of the above motions shall have no effect." Thus, the notice of appeal, filed before the disposition of Howard Electrical's motion, "is not merely defective; it is a nullity." 5A *Moore's Federal Practice* ¶ 52.11[3], at 52–200 (1986). Moreover, this Court lacks the power to waive the defect of such a premature notice of appeal. *Id.* (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)). *See also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2582, at 724–25 (1971 & 1986 Supp.).

In response to the Court's inquiry, Howard Electrical argues that its motion "was addressed to mere matters of form" and did not seek an alteration of the district court's judgment against it. While we would note some difficulty in accepting Howard Electrical's characterization of its motion,[3] Howard Electrical's argument in any event would have this Court ignore the wording of the rule that the motion suspends the finality of the judgment "whether or not an alteration of the judgment would be required if the motion is granted." Fed.R.App.P. 4(a)(4). Accordingly, we must reject Howard Electrical's attempt to recharacterize its motion in order to avoid the terms of Rule 4. *See Harcon Barge,* 784 F.2d at 667 (timely filed motion under Rule 59(e) cannot be characterized as Rule 60 motion in order to avoid effect of Fed.R.App.P. 4(a)(4)).

Accordingly, appellant Howard Electrical has failed to file an effective notice of appeal. This Court has no jurisdiction.

APPEAL DISMISSED.

---

**3.** The motion clearly appears as a motion to the district court to "make additional findings." Fed.R.Civ.P. 52(b). Moreover, the motion requests the addition of three pages of additional fact findings.