**M. Scott MICHEL, United States Trustee, Appellant,**

v.

**Lawrence FISHER, Appellee.**

**William A. BRANDT, Jr., Appellant,**

v.

**Lawrence FISHER, Appellee.**

**In re LAKE STATES COMMODITIES, INC., Debtor.**

**In re Thomas W. COLLINS, Debtor.**

Nos. 95 C 0776, 95 C 0979.

United States District Court, N.D. Illinois, Eastern Division.

June 27, 1995.

Dean C. Harvalis, U.S. Trustee's Office, and Michael K. Desmond, U.S. Trustee, Chicago, IL, for appellant.

Michael Joseph Hayes, John A. Simon, Lawrence Fisher, and Linda Green, Gardner, Carton & Douglas, Chicago, IL, for appellee.

Louis W. Levit, Ross & Hardies, P.C., Chicago, IL, for William A. Brandt, Jr., Interim Trustee of the estates of the Lake States Commodities, Inc.

MEMORANDUM OPINION
AND ORDER

ZAGEL, District Judge.

■ The United States Trustee and William Brandt[1] ask this court to review two interlocutory orders issued by the United States Bankruptcy Court for this district. In the first, the bankruptcy court ruled that Lawrence Fisher had been duly elected trustee of the estates of Thomas Collins and Lake States Commodities, Inc. by a vote of the creditors pursuant to 11 U.S.C. § 702 and Bankruptcy Rule 2003. The second order denied the U.S. Trustee's motion for reconsideration of the first. Taken together, Bankruptcy Rules 8001(a) & (b) and 8002(a) permit appeals from interlocutory orders of the bankruptcy court by filing notice of appeal within ten days of the order appealed from. The filing deadline limits this court's jurisdiction, although the appellants assert the contrary without citing authority. See *In re Southern Industrial Banking Corp.*, 70 B.R. 196 (E.D.Tenn.1986) (denying interlocutory appeal where notice filed late); *In re Sanders*, 59 B.R. 414, 415 (D.Mont.1986); 9 *Collier on Bankruptcy* ¶ 8002.03 at 8002–12 (Bender 1993).

Fisher opposes the motions for leave to appeal because, he says, the appellants filed late.[2] All parties agree that timeliness here turns on whether the U.S. Trustee's motion for reconsideration in the bankruptcy court reset the time for appeal under BR 8002(b), as amended in 1994:

If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:

(1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;

(2) to alter or amend the judgment under Rule 9023;

\* \* \* \* \* \*

(4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.

Judge Sonderby approved Fisher's election on 26 October 1994. The U.S. Trustee delivered a "Motion to Reconsider" to the court on 7 November 1994, requesting reconsideration under Bankruptcy Rules 7052 and 9023. That was ten days after the original order, counting by the rules. The U.S. Trustee served the motion the next day.

Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59(e), which requires service within ten days. Judge Sonderby held the motion untimely under this rule. Bankruptcy Rule 7052 incorporates Federal Rule of Civil Procedure 52, which requires that the motion be "made" within ten days. Judge Sonderby held the motion untimely under this rule as well.

But on 23 November 1994, before these rulings, the U.S. Trustee had filed a brief in support of its motion inviting the court to consider it also under BR 9024 (incorporating Federal Rule of Civil Procedure 60), "[t]o the extent that the Court's opinion was based on mistake or misunderstanding." Bankruptcy Rule 8002(b) provides that a motion under BR 9024 resets the time for appeal if *filed* within ten days. Judge Sonderby found the motion without merit under BR 9024.

■ Two questions of timeliness are thus presented.[3] Was the motion to reconsider "made" within ten days even though service occurred on the eleventh? If not, for purposes of determining compliance with BR 8002(b), can a motion to reconsider be treated as a motion under BR 9024 even though that rule was not expressly invoked until almost a month later? I believe the answers

1. Brandt served as Interim Trustee until 26 October 1994. He would have remained in office had Fisher's election not been approved. He wishes to raise issues on appeal related to those raised by the U.S. Trustee.

2. Fisher also argues that the appeal fails to meet the standards in 28 U.S.C. § 1292(b).

3. The timeliness of Brandt's appeal depends on the same issues as the U.S. Trustee's.

are "no"[4] and "yes,"[5] respectively, but the second answer does not save the appeal and neither would changing the first.

For while the U.S. Trustee delivered the motion to the court within the period specified by BR 8002(b), he did not *file* the motion within the allotted time. In fact, if he had, it necessarily would have been timely under BR 7052 and 9023. The U.S. Trustee acknowledges that "[t]he details of what actually constitutes 'filing' and 'service' are properly addressed by Local Rules." See *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1047 (2d Cir.1991) (where applicable statutes and rules of procedure are silent, local rules, as interpreted by the court, determine timeliness of notice of removal).

And he agrees that "[a] fair reading of the Local Rules would indicate that they contemplate that service would be effectuated prior to the presentment of a motion and ordinarily at the time of filing the motion." Not only did service follow delivery here, it also occurred beyond the ten-day limit specified by the rule on which the appellants now rely.[6]

"The boundaries of the Local Rules are drawn by federal statutory and constitutional law, not by whether the Local Rules impact on the claims and rights of the litigants." Id. at 1048. "A procedural rule should not be read as a trap for the unwary" to the extent that courts should "decline to read into the rule a precise [ ] requirement that is not

---

**4.** The Seventh Circuit has expressly declined to rule on whether the motion is "made" when filed or when served. *St. Mary's Hospital Medical Center v. Heckler*, 753 F.2d 1362, 1365 n. 7 (7th Cir.1985). The majority rule seems to be that a motion is made when served. *Baker Industries, Inc. v. Howard Electrical and Mechanical, Inc.*, 794 F.2d 965, 966 n. 2 (5th Cir.1986); *Sonoma v. Sells*, 703 F.2d 429 (9th Cir.1983); *Keohane v. Swarco, Inc.*, 320 F.2d 429 (6th Cir.1963). Moreover, if a motion were "made" when filed, rather than served, the strict time limit in FRCP 52(b) would be in tension with FRCP 5(d), allowing parties to file their motions "within a reasonable time after service." 5A *Moore's Federal Practice* § 52.11[1] n. 8. Although not directly applicable to contested matters such as this, see BR 9014, BR 7005 generally incorporates FRCP 5 into the Bankruptcy Rules. I see no reason why "making" a motion should require service in adversary proceedings but not here.

**5.** Prior to the 1993 Amendments to the Federal Rules of Appellate Procedure, a motion under FRCP 59(e) extended the time for appeal, but a motion under FRCP 60 did not. Concerned that litigants too frequently lost their right to appeal over fine distinctions between these two motions, the Seventh Circuit adopted a solution devised by the Fifth: For the purpose of determining appellate jurisdiction, all substantive motions to reconsider, alter, or amend served within ten days of judgment would be treated as motions under FRCP 59(e), and all such motions served later would be treated as motions under FRCP 60(b). *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986); *United States v. Deutsch*, 981 F.2d 299 (7th Cir.1992); *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

In 1993, an amendment to Federal Rule of Appellate Procedure 4(a)(4) codified this solution. That rule now resets the time for appeal when a party files a motion "for relief under Rule 60 if the motion is *served* within 10 days

after the entry of judgment." FRCP (a)(4)(F) (emphasis added). Thus, regardless of the type of motion, only the date of service matters for appellate jurisdiction. The Advisory Committee stated the amendment's purpose: to "eliminate[ ] the difficulty of determining whether a posttrial motion made within 10 days after entry of a judgment is a Rule 59(e) motion, which tolls the time for filing an appeal, or a Rule 60 motion, which historically has not tolled the time."

The Advisory Committee Notes accompanying the 1994 Amendments to BR 8002 begin by announcing that "[t]hese amendments are intended to conform to the 1993 amendments to [FRAP] 4(a)(4)." The drafters did knowingly depart from the 1993 FRAP Amendments, but explicitly justified their version of the rule as enabling "the court and the parties in interest to determine solely from the court records whether the time to appeal has been extended." BR 8002, Advisory Committee, 1994 Amendments. I do not believe that the 1994 Amendments were intended to accomplish this purpose by compromising the primary objective of eliminating the precise problem presented here—determining, for the purpose of ascertaining jurisdiction, whether motions to reconsider filed within ten days of judgment are to be construed as motions under FRCP 59(e) or 60. Nor is compromise necessary if any motion filed within ten days of judgment counts as a motion under BR 9024.

**6.** A certificate of service accompanied the motion on 7 November 1994, but rather than stating that the motion *had been* served, it suggested that the motion *would be* served by 4:00 PM of the next day. Attorney Michael Desmond attested that he had "caused a copy ... to be transmitted via facsimile to all persons on the attached service list ... before the hour of 4:00 p.m. on November 8, 1994." In other words, the certificate, delivered to the court on 7 November, states that the attorney *had caused* service by 4:00 PM on the *next day*.

capable of being recognized on its literal face." *Hahn v. Becker,* 551 F.2d 741, 744 (7th Cir.1977). But the Local Rules' requirement of service before filing—more precisely, their implication that a motion is not filed until served—is fairly plain.[7]

■ At least three circuits have recognized a district court's "inherent power to decide when a departure from its Local Rules[8] should be excused or overlooked." *Somlyo,* 932 F.2d at 1048, citing *Braxton v. Bi–State Development Agency,* 728 F.2d 1105, 1107 (8th Cir.1984), and *Allen v. United States Fidelity & Guaranty Co.,* 342 F.2d 951, 954 (9th Cir.1965). This power extends over every local rule, regardless of whether a particular rule specifically authorizes the judge to deviate. *Somlyo,* 932 F.2d at 1048.

The Ninth Circuit has stated that deviation from local rules is appropriate when the departures are "so slight and unimportant that the sensible treatment is to overlook them." *Allen,* 342 F.2d at 954. That gives little, if any, weight to the inherent value of rules. The Second Circuit prefers the following: "The district court should ask whether the application of the letter of Local Rules to a particular case would cause an unjust result. If faced with potential unfairness, the district court should tailor the Local Rules to best achieve a just outcome." *Somlyo,* 932 F.2d at 1049.

The rule in question serves an important interest the court shares with non-moving parties: ensuring that non-movants know about motions before or soon after filing.[9] Compare *Somlyo,* 932 F.2d at 1049 (district court excused compliance with rule "designed to regulate, for convenience sake, how papers look"). Judges could protect this interest by examining the facts of each case and granting relief to parties prejudiced by delays in service. By making service a prerequisite for filing, judges in this district have chosen a more certain and economical rule that better serves the interests (ex ante) of litigants and the court. Indeed, the rule promotes certainty and economy by eliminating every timing issue raised here, including the need to determine whether a motion is "made" when served or filed and whether a motion explicitly invoking one rule should be treated as though it invoked another.

■ Absent good cause for non-compliance, I see no injustice resulting from strict application of the rule here. The Seventh Circuit has approved even "severe" enforcement of our local rules. *Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519 (7th Cir.1992) (affirming summary judgment and holding that district judge did not abuse discretion by deeming plaintiff to have admitted that age was not a factor in the alleged constructive discharge where plaintiff failed to deny it as required by Local Rule 12(n), even though plaintiff's brief repeatedly stated that age

---

7. "The date of filing of a motion will be the date on which the copy of the motion was delivered *in accordance with the provisions of section G of this rule."* Bankruptcy Rules for the United States District Court and the United States Bankruptcy Court for the Northern District of Illinois ("Local Bankruptcy Rules"), Rule 402.D (emphasis added). *"Copies of all motions delivered to the clerk* shall be accompanied by proof of service of a written notice of motion as provided by section E of this rule." Local Bankruptcy Rule 402.G(2). "Each motion other than one filed ex parte shall be accompanied by a certificate of service indicating the date and manner of service and a statement that copies of documents required to be served … *have been* served." Local Bankruptcy Rule 402.E(3) (emphasis added).

8. The local bankruptcy rules are adopted and promulgated by direction of the District Court. See General Order of 24 June 1994, signed for the Court by Chief Judge Moran.

9. The rules also require the moving party to serve notice two days before the date of presentment in open court. Local Bankruptcy Rule 402A(2), 402B, & 402E(1). This was done here. But that rule does not ensure proximity between service and filing because the date of presentment is not linked to the filing date. Apparently, in the bankruptcy court, a motion can be filed and left unpresented indefinitely. The only rule specifying a temporal relationship between service and filing is the rule that filing requires proof that the motion *has been* served. Especially where the possibility of interlocutory appeal looms, the relationship between filing and service is as important than that between service and presentment precisely because the availability of review turns on filing. The non-movant has an important interest in knowing what rights his adversary has preserved and what rights have lapsed. We could guard that interest by applying some standard to the facts of each case. Instead we say, "serve before you file."

was a factor). In particular, judges of this district have strictly enforced Local Rule 12(n) and its predecessors.[10] Id, citing cases. That rule merely establishes a format for presenting information that briefs and appendices may—and frequently do—present in another form, yet strict enforcement has resulted in summary judgments. The argument for enforcement seems stronger here. Moreover, relegating alternate grounds for affirmance to a footnote, the Seventh Circuit has instead affirmed summary judgment based on strict enforcement of filing deadlines imposed by local rules, without any discussion of prejudice, *despite* a proffered reason for non-compliance. See *United States v. Kasuboski*, 834 F.2d 1345, 1351 & nn. 10 & 12 (7th Cir.1987) (affirming denial of application for extension of time to respond to summary judgment motion, even assuming that the application was filed one day after the response deadline).

 This is not to say that strict enforcement can never result in a sanction so extreme that justice demands leniency. *Lorenzen v. Employees Retirement Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 232 (7th Cir.1990) ("for an understandable and harmless error that results in a failure to file a timely notice of appeal the intelligent sanction is not automatic forfeiture of the appeal, regardless of its stakes and merits, but is to throw the appellant on the mercy of the district judge"). Nor would the stakes have to be life and death. But the stakes here do not measure up. The U.S. Trustee and Brandt differ with the bankruptcy judge over the quorum requirement in 11 U.S.C. § 702; they say too few creditors participated in Fisher's election. They suggest that the bankruptcy court's interpretation of § 702 leaves creditors with "no remedy against a small creditor and/or its attorney from improperly obtaining control of a case through the election process." That overstates the consequences.

 First, a bankruptcy judge need not approve the result of even a procedurally perfect election. 4 *Collier* ¶ 702.05 ("The theory of the Code is to give creditors the privilege of electing their own trustee, but it is often observed that such creditors are 'notoriously inert' and 'not always sufficiently advised to protect their interests.'") Specifically, where substantial evidence supports concern about prejudicial associations, the court may disapprove the election. Id at ¶¶ 321.03 & 702.05–.07. As far as I can tell, no party challenged Fisher's election on this basis in the bankruptcy court. Furthermore, the Code authorizes the court to remove a trustee for cause, 11 U.S.C. § 324. Robert E. Ginsburg and Robert D. Martin, *Bankruptcy: Text, Statutes, Rules* § 4.01[f] at 4–18 (Prentice Hall 1992) ("The court has broad power to remove a trustee ... for cause.... Typical cause for removal includes incompetence, misconduct in office, conflict of interest, or other violations of fiduciary duties the trustee owes to the estate and its creditors."). Even an honest trustee may be removed if he or she loses so much of the creditors' confidence that discord threatens the estate. *In the Matter of Freeport Italian Bakery, Inc.*, 340 F.2d 50, 55 (2d Cir.1965) (reversing order denying removal of trustee: "[i]f the administration of the estate in bankruptcy would suffer more from the discord created by the present trustee than would be suffered from a change of administration, the removal of the trustee is necessarily the better solution"); 2 *Collier* ¶ 324.02 at 324–6 to 324–7. The U.S. Trustee's authority to monitor the bankruptcy administration, 28 U.S.C. § 586(3), enables him to keep abreast of developments requiring judicial attention.

I do not presume that bankruptcy judges routinely disapprove the results of procedurally valid elections, nor that persuading a bankruptcy judge to remove a trustee is a

---

10. Local Rule 12(n) specifies that non-compliance may result in presumed admission of facts asserted in the movant's statement under Local Rule 12(m). But it does not state that non-compliance will automatically result in summary judgment. In fact, that is not the result, and if it were, Rule 12(n) would be at odds with FRCP 56. Whether enforcement of 12(n) results in

summary judgment depends on the particulars of each case. Likewise, the Local Bankruptcy Rules do not state that non-compliance with the filing requirements will forfeit the right to appeal, but they do say that a case is filed when served as required and delivered to the court, and the significance of non-compliance may be greater in some cases than others.

perfect remedy or one easy to obtain. And I do not question the U.S. Trustee's prediction that this case—for reasons unconnected to the election of Lawrence Fisher—will likely involve disputes between the creditors and the trustee and between the trustee and third parties over alleged fraudulent conveyances. The creditors' interests in proper election procedures and review by this court are not trivial, but calling the interests significant does not prove that their loss through procedural default would be unjust. Significant interests are frequently forfeited, despite the law's supposed abhorrence. No party has questioned Fisher's impartiality, denying leave to appeal will not strand the creditors without further recourse, and the rule violated contained all the appellants needed to know on its face. Compare *Lorenzen*, 896 F.2d at 232–34 (where late filing of appeal caused no harm, stakes were large, error "was a natural one" *and* was induced by conduct of the opposite party, court affirmed district judge's to permit late appeal, but declared that, even here, if the district judge "had refused to exercise lenity [ ] we would affirm").

This matter is not free from difficulty, and the appellants have argued in a candid and intelligent fashion, but their arguments simply do not carry the day. As for an appeal of the order of 11 January 1995, denying the motion for reconsideration, the U.S. Trustee apparently accepts Fisher's position that review of this order would be limited, see *Fisichelli v. The City Known as the Town of Methuen*, 884 F.2d 17, 18 (1st Cir.1989) ("appealing from denial of a motion to rehear 'does not automatically produce a Lazarus-like effect' ... such an appeal cannot resurrect a party's expired right to contest the appropriateness of the order underlying the motion to rehear"), and he does not separately address Fisher's assertion that this appeal, standing alone, does not pass the three-part test for interlocutory review: (1) whether a controlling question of law is involved; (2) whether the question is one about which there is substantial ground for a difference of opinion; and (3) whether an immediate appeal would materially advance the ultimate termination of the litigation. I read the U.S. Trustee's briefs as implicitly acknowledging that an appeal of the 11 January 1995 order alone is not worth pursuing. If that is wrong, I will entertain further argument in a motion to reconsider.

### Conclusion

The motions for leave to appeal are denied. Having stated the reasons, I hardly need to disclaim any opinion on the bankruptcy court's ruling.