132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Alberto EREVIA-SUAREZ, Defendant-Appellant.
 No. 96-50665.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1997.
Decided Dec. 9, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. No. CR-95-01927-RMB; Rudi M. Brewster, District Judge, Presiding.
 Before BROWNING, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Alberto Erevia-Suarez appeals from his jury conviction and sentence of 97-months imprisonment on one count of conspiracy to possess marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of marijuana with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. We affirm both the conviction and sentence.
 
 I.
 
 3
 Appellant first argues that his conviction must be vacated because the district court improperly admitted at a suppression hearing a report written by a border patrol agent who died prior to the hearing. We review a district court's decision to admit or exclude evidence for abuse of discretion. United States v. Hernandez, 109 F.3d 1450, 1452 (9th Cir.1997).
 
 
 4
 Appellant was stopped by Border Patrol Agent Valencia at a checkpoint along a California highway. At the time, appellant was driving a car which was being followed by three pickup trucks, which were also stopped. Upon searching the vehicles, agents found large quantities of marijuana hidden in the three pickup trucks. All four drivers were arrested.
 
 
 5
 In the district court, appellant filed a motion to suppress the fruits of the warrantless vehicle searches. After a hearing, the district court denied appellant's motion. Appellant now contends that Agent Valencia's report should have been excluded from the suppression hearing as inadmissible hearsay. We easily reject this argument because both the U.S. Supreme Court and this circuit hold that a trial judge is not bound by the hearsay rule in making preliminary determinations during suppression hearings. United States v. Matlock, 415 U.S. 164, 172-73 (1974); United States v. Whitten, 706 F.2d 1000, 1019 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984).
 
 
 6
 Next, appellant argues that his Sixth Amendment Confrontation Clause rights were violated by the admission of Agent Valencia's report. The district court made the finding that the detailed arrest report was sufficiently trustworthy and highly probative, despite the lack of an opportunity to cross-examine Agent Valencia. Because we find that the district court did not abuse its discretion in making this determination, we reject this argument as well. See Idaho v. Wright, 497 U.S. 805, 816-17 (1990); United States v. George, 960 F.2d 97, 99 (9th Cir.1992).
 
 
 7
 Finally, appellant claims that the admission of Agent Valencia's unsworn report violated Southern District of California Local Rule 73.6(i)(2), which requires the filing of declarations with respect to motions involving factual disputes. However, a district court has the inherent power to excuse a party's failure to comply with local rules. See Allen v. United States Fidelity & Guar. Co., 342 F.2d 951, 954 (9th Cir.1965). Here, the deceased agent obviously could not provide a sworn declaration regarding the events surrounding appellant's arrest. Therefore, we find that the district court did not abuse its discretion by excusing the government's violation of the local rules.
 
 II.
 
 8
 Appellant next argues that we must vacate his conviction because certain of Agent Valencia's hearsay statements were improperly admitted at trial. A district court's evidentiary rulings during trial are reviewed for abuse of discretion. Old Chief v. United States, 117 S.Ct. 644, 647 n. 1 (1997); United States v. Gallagher, 99 F.3d 329, 331 (9th Cir.1996), cert. denied, 117 S.Ct. 1274 (1997). "Evidentiary rulings will be reversed for abuse of discretion only if such nonconstitutional error more likely than not affected the verdict." United States v. Workinger, 90 F.3d 1409, 1412 (9th Cir.1996).
 
 
 9
 Appellant first raises the issue of Agent LaGasse's testimony that he received a radio call from Agent Valencia regarding the narcotics found in the trucks. The testimony regarding Agent Valencia's statement was properly admitted solely for the purpose of its effect on the listener, Agent LaGasse. The jury was instructed as such.
 
 
 10
 The other statements at issue now are the hearsay statements of Agent Valencia contained in Agent LaGasse's report. The district court properly permitted Agent LaGasse to read portions of his report to the jury after he was cross-examined by the defense about the contents of that report. See Fed.R.Evid. 801(d)(1)(B); see also United States v. Payne, 944 F.2d 1458, 1471 (9th Cir.1991), cert. denied, 503 U.S. 975 (1992); United States v. Miller, 874 F.2d 1255, 1274 (9th Cir.1989). While Agent Valencia's statements contained within Agent LaGasse's report may have been inadmissible hearsay, none of those statements provided evidence regarding a contested issue at trial, as appellant himself admitted to agents that he had been leading the pickup trucks and that he knew they contained marijuana. Therefore, even if the admission of Agent Valencia's statements was erroneous, any such error did not likely affect the verdict. We thus affirm appellant's conviction.
 
 III.
 
 11
 At sentencing, the district court imposed a three-level upward adjustment based on appellant's role as a manager or supervisor of the criminal activity. See U.S.S.G. § 3B1.1(b). Appellant argues that the evidence was insufficient to support such an adjustment. We review the district court's findings regarding role in the offense for clear error. United States v. Ponce, 51 F.3d 820, 826 (9th Cir.1995).
 
 
 12
 The district court did not clearly err when it adopted the Probation Department's finding that appellant led his codefendants and oversaw their activities. The evidence at trial indicated that appellant was driving the lead vehicle, that he knew that there was marijuana in the pickup trucks, and that he coordinated the activities through the use of pagers. In addition, appellant had the trucks serviced in preparation for the criminal activity. There was sufficient evidence to support the district court's imposition of a three-level upward adjustment based on appellant's aggravated role in the offense. See United States v. Mares-Molina, 913 F.2d 770, 773-74 (9th Cir.1990).
 
 
 13
 Appellant further argues that the district judge violated former Federal Rule of Criminal Procedure 32(c)(3)(D) (now Rule 32(c)(1)) by failing to make findings regarding contested factual issues in the Presentence Report ("PSR"). The district judge complied with the substantive requirements of Rule 32(c)(3)(D) when he expressly adopted the analysis of the Probation Department at the sentencing hearing. See United States v. McClain, 30 F.3d 1172, 1174 (9th Cir.1994), cert. denied, 513 U.S. 1030. Nonetheless, appellant asserts that the district judge technically violated Rule 32 by failing to append his findings to the PSR. Appellant, however, provides no proof beyond the argument that the district judge did not follow Rule 32. "Absent a more sufficient factual record, we will not remand to the district court simply to investigate whether this ministerial task was performed and, if not, to do so." United States v. Cain, No. 94-50518, slip op. 13863, 13870 (9th Cir. November 19, 1997).
 
 IV.
 
 14
 Finally, appellant challenges the district court's denial of a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Whether a defendant has accepted responsibility is a factual determination reviewed for clear error. United States v. Cooper, 912 F.2d 344, 345 (9th Cir.1990). The district court's determination will not be disturbed unless it is without foundation. United States v. Aichele, 941 F.2d 761, 767 (9th Cir.1991). The acceptance of responsibility adjustment under U.S.S.G. § 3E1.1 generally is not intended to apply to a defendant who "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, appl. n. 2. While proceeding to trial does not automatically preclude a defendant from consideration for an acceptance of responsibility reduction, only in the unusual case will such an adjustment be warranted absent a guilty plea. Id.; see also United States v. McKinney, 15 F.3d 849 (9th Cir.1994).
 
 
 15
 Here, appellant went to trial, made no statement at trial, was convicted, and refused to talk to the Probation Department. In addition, throughout these proceedings, appellant has attempted to minimize his role as a manager or supervisor in the marijuana smuggling operation. Nonetheless, appellant argues that he is entitled to a downward adjustment because he confessed prior to trial and attempted to enter a conditional guilty plea, which was rejected by the government.
 
 
 16
 Based on appellant's overall course of conduct, the district court did not clearly err in finding that an acceptance of responsibility reduction was not warranted in this case. See United States v. Morales, 11 F.3d 915, 918 (9th Cir.1993).
 
 
 17
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3