Mercedes MONTALVO and David Montalvo, Plaintiffs,

v.

SUN ROC CORP., Great Bear Spring Corp., and "John Doe Building Services", name being fictitious being intended, Defendants.

SUNROC CORPORATION s/h/a Sun Roc Corp., Third–Party Plaintiff,

v.

NEW YORK CITY HOUSING AUTHORITY, Third–Party Defendant.

SUNROC CORPORATION, Second Third–Party Plaintiff,

v.

BROAD CREEK ASSOCIATES, Collins Building Services, Inc., and Cushman & Wakefield, Inc., Second Third–Party Defendants.

No. 95 CIV. 5624(PKL).

United States District Court, S.D. New York.

April 29, 1998.

Ronald A. Lenowitz, Woodbury, NY, for Plaintiffs.

C. William Yanuck, New York City, for Defendant/Third–Party Plaintiff/Second Third–Party Plaintiff Sunroc Corporation.

Cerussi & Spring, White Plains, NY, Michael P. Fitzgerald, of counsel, for Defendant Great Spring Waters of America, Inc.

Krez & Peisner, New York City, Karen T. Grottalio, of counsel, for Third–Party Defendant New York City Housing Authority.

Kelly & McGlynn, New York City, Peter E. Finning, of counsel, for Second Third–Party Defendant Broad Creek Associates.

Lian, Malapero & Prisco, New York City, Mark A. Bethmann, of counsel, for Second Third–Party Defendant Collins Building Services, Inc.

### OPINION AND ORDER

LEISURE, District Judge.

Plaintiffs Mercedes and David Montalvo bring this action for damages allegedly caused by the negligence of defendants Sun-

roc Corporation ("Sunroc"), Great Spring Waters of America, Inc. incorrectly s/h/a Great Bear Spring Corp., ("Great Bear"), and John Doe Building Services.[1] Sunroc has filed a third-party complaint against the New York City Housing Authority ("NY-CHA") and a second third-party complaint against Broad Creek Associates ("Broad Creek"), Collins Building Services, Inc., and Cushman & Wakefield, Inc.[2] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiffs now move to amend the complaint in this action. Sunroc and Great Bear cross-move for summary judgment pursuant to Fed.R.Civ.P. 56. Broad Creek cross-moves for summary judgment on both the complaint and the second third-party complaint. The NYCHA also cross-moves for summary judgment on both the complaint and the third-party complaint, and moves in the alternative for leave to amend the third-party answer pursuant to Fed.R.Civ.P. 15(a). For the reasons stated herein, the Court grants the motions for summary judgment and denies plaintiffs' motion to amend.

### BACKGROUND

As the Court of Appeals for the Second Circuit has explained:

> Pursuant to 28 U.S.C. § 2071(a) and Rule 83 of the Federal Rules of Civil Procedure, district courts have the power to enact Local Rules governing their practice, procedure, and conduct of business. Local Rules have the force of law, to the extent that they do not conflict with rules prescribed by the Supreme Court, Acts of Congress, or the Constitution.

*Somlyo v. J. Lu–Rob Enterprises, Inc.,* 932 F.2d 1043, 1046 (2d Cir.1991) (internal citations omitted). Local Rule 56.1 ("Rule 56.1") of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides:

> (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate,

---

1. "John Doe Building Services" has not appeared in the action.

2. By stipulation of all the appearing parties, the Court entered an Order on July 15, 1997, dismissing with prejudice the second third-party action against Cushman & Wakefield, Inc.

short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

(b) The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

(c) All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

Rule 56.1.

Both Broad Creek and the NYCHA submitted Rule 56.1 statements in support of their cross-motions for summary judgment. Plaintiffs did not respond. Therefore, under Rule 56.1, plaintiffs are deemed to have admitted all material facts set forth by Broad Creek and the NYCHA in their Rule 56.1 statements. The Court relies upon these statements in setting forth, *infra*, the undisputed facts of the case.

Plaintiff Mercedes Montalvo ("plaintiff") was an employee of the NYCHA, working at the its office on the second floor of a building located at 250 Broadway ("the premises") in New York City. Plaintiff began working for the NYCHA in the late 1980's, and was stationed on the premises through May 20, 1992. Plaintiff complains of injuries allegedly sustained as a result of a slip-and-fall on the premises on May 20, 1992. As of that date, the NYCHA was a tenant at 250 Broadway, which was managed by Broad Creek. Broad Creek, in turn, contracted with Collins Building Services for janitorial services such as mopping and cleaning.

Plaintiff claims that at approximately 11:30 a.m. on May 20, 1992, she slipped on a puddle emanating from a water cooler on the premises. She claims the slip caused her to fall to the floor and injure herself. The water cooler in question was the only one located on the premises, and plaintiff frequently walked past it during the course of a regular day at work. Plaintiff is not aware of anyone be-

sides herself who claims to have had an accident involving the water cooler, and is unaware of anyone complaining prior to May 20, 1992, about the way the water cooler functioned. Nor does plaintiff recall seeing water on the floor in the area of the water cooler at any time during the year prior to her alleged accident. Indeed, on the morning of May 20, 1992, plaintiff walked past the water cooler at least three times prior to the alleged accident and never noticed any leakage on the floor near the cooler.

In the complaint, plaintiffs identify the water cooler at issue as Model Number 93642243. *See* Complaint at ¶ 9. They claim that it was manufactured by Sunroc and sold or leased to the NYCHA by Great Bear. *See id.* at ¶ 10. However, despite extensive discovery in connection with this litigation, plaintiffs admit that they cannot identify the specific water cooler that was located on the premises on May 20, 1992. *See* NYCHA's Rule 56.1 Statement at ¶ 5. In fact, plaintiffs now admit that the Sunroc water cooler bearing serial number 93642243 was not even manufactured until 1993. Plaintiffs also admit that prior to and during 1992, the NYCHA purchased water coolers not only from Sunroc but from other manufacturers as well. *See id.* at ¶ 4. The water coolers purchased by the NYCHA occasionally were removed and replaced in response to employee complaints about water temperature; the NYCHA did not keep records tracking which cooler was located at a particular place at a particular time.

In August of 1996, the NYCHA issued a directive mandating that all water coolers had to be removed from the NYCHA-occupied floors at 250 Broadway and transported to a storage facility in Brooklyn. Before removal, all water coolers were marked on the side to indicate the location from which they had been removed. Sunroc water cooler TT09411D, the water cooler located on the premises in August of 1996, was marked "second floor". However, plaintiffs admit that there is no way to determine if the Sunroc water cooler bearing serial number TT09411D, which was manufactured in 1989, was the water cooler located on the premises on May 20, 1992.

Plaintiffs instituted this action in New York State Supreme Court on May 3, 1995. On July 27, 1995, Great Bear removed the action to this Court pursuant to 28 U.S.C. § 1441. As there exists complete diversity of citizenship between the parties and the amount in controversy in this action exceeds $50,000, jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332. Plaintiffs now move to amend their complaint, and defendants, third-party defendants, and second third-party defendants cross-move for summary judgment.

## DISCUSSION

### I. *The Cross–Motion for Summary Judgment*

#### A. *The Applicable Standard*

The moving parties are entitled to summary judgment only if the Court determines that there exists no genuine issue of material fact and that based on the undisputed facts, the moving parties are entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *see also Holt v. KMI–Continental, Inc.,* 95 F.3d 123, 128 (2d Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 1819, 137 L.Ed.2d 1027 (1997); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving parties bear the burden of showing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995) (citing *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548); *see also Scottish Air Int'l, Inc. v. British Caledonian Group, PLC,* 81 F.3d 1224, 1231 (2d Cir.1996). The Court's function on a motion for summary judgment is not to try issues of fact, but rather to determine whether there exists a genuine issue of material fact to be tried. *See Sutera v. Schering Corp.,* 73 F.3d 13, 15–16 (2d Cir.1995). In determining whether there exists a genuine

issue of material fact, the Court must resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Holt,* 95 F.3d at 129.

#### B. *Application of the Standard*

■ Applying this standard to the undisputed facts of the instant case, it is readily apparent that the Court must grant summary judgment in favor of defendants. The central allegation of the complaint is that defendants negligently owned, operated, maintained, managed, inspected, supervised, and controlled a certain water cooler identified as Sunroc Model Number 93642243. It is undisputed that Sunroc did not manufacture the water cooler bearing that serial number until 1993, well after the date of the alleged accident. Therefore, it is undisputed that the allegations in the complaint concerning the water cooler bearing serial number 93642243 are untrue. Accordingly, defendants are entitled to summary judgment. As the claims asserted in the third-party complaint and second third-party complaint are predicated on Sunroc's prospective liability to plaintiffs based on the allegations in the complaint, the Court also dismisses the third-party complaint and second third-party complaint at this time.

### II. *Plaintiffs' Motion to Amend*

Plaintiffs move pursuant to Fed.R.Civ.P. 15(a) to amend the complaint. Rule 15 provides in relevant part:

A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court ... and leave shall be freely given when justice so requires.

Fed.R.Civ.P. 15(a). The Second Circuit has stated:

As a general matter, the district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion. In exercising its discretion, the district court is required to heed the command of Rule 15(a) to grant leave to amend freely ... when justice so requires. Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (internal citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (denial not abuse of discretion where amendment would be futile); *Health–Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) (where "there is no merit in the proposed amendments, leave to amend should be denied"); *Billard v. Rockwell International Corp.*, 683 F.2d 51, 57 (2d Cir.1982) (denial not abuse of discretion where plaintiff had access to full discovery in a related case).

■ In the instant case, the Court denies plaintiffs' motion for leave to amend the complaint because the proposed amendment would be futile. The only substantive change that plaintiffs seek to effect is to substitute model number "TT09411D" for "93642243" in paragraphs three and nine of the complaint. This change would remedy the fact that the allegations in the original complaint have been proven false (because the accident allegedly took place on May 20, 1992, and it is undisputed that the water cooler numbered 93642243 was not made until 1993). However, the proposed amendment would not alter the fact that plaintiffs admittedly cannot identify the water cooler that was located on the premises on May 20, 1992. Therefore, plaintiffs cannot prove the allegations in the proposed amended complaint by a preponderance of the evidence.

The Court's conclusion that plaintiffs cannot identify the specific cooler located on the premises on the date of the alleged accident is not based "merely" on plaintiffs' failure to respond to the assertions in the Rule 56.1 statements of the NYCHA and Broad Creek. Clearly, the failure to respond to those state-ments constitutes an admission of the material facts enumerated therein. *See, supra*, at 421–22. However, the Court also notes that despite the parties' having conducted extensive discovery in this case (including exchanges of interrogatories and responses, demands for production of documents, physical inspections, and depositions of plaintiffs, defendants, and the NYCHA), there is no evidence tending to show that the water cooler bearing serial number TT09411D was the cooler located on the premises on May 20, 1992. This total lack of any contradictory evidence serves to buttress plaintiffs' admission.

Were the Court to grant plaintiffs' motion for leave to amend, it is inevitable that defendants promptly would move for and be entitled to summary judgment. In light of plaintiffs' admissions and the undisputed facts uncovered during the course of discovery, the Court determines that no reasonable jury could find defendants liable based on the allegations in the proposed amended complaint. Accordingly, as the proposed amendment would be futile, the Court denies plaintiffs' motion for leave to amend the complaint. *See Corcoran v. GAB Business Services, Inc.*, 723 F.Supp. 966, 970 (S.D.N.Y.1989) ("If plaintiff's claim could not survive a summary judgment motion, an amendment to the complaint to include such a claim would be futile.").

## CONCLUSION

For the reasons stated in this Opinion, plaintiffs' motion to amend is HEREBY DENIED and defendants', third-party defendant's, and second third-party defendant's motions for summary judgment are HEREBY GRANTED. All claims in this action are HEREBY DISMISSED with prejudice.

**SO ORDERED.**